First degree theft; sentence: life imprisonment (habitual offender).
On August 4, 1980, the appellant's father, Garland Bailey Carpenter, returned home from work and found that someone had entered his home and taken an Uncle Ben folding knife, a .22 caliber pistol and a .38 caliber Tarus nickel-plated revolver with wooden handles and a four-inch barrel. Also missing were some car keys and a 1979 Ford pickup truck. The victim described the truck as "walnut" in color, being "between a gold or brown." He next saw his truck about a week later at the Georgiana Police Department.
Around 8:30 p.m. on the date of the theft, Georgiana Police Officer Jimmy Lee Matthews received a police radio dispatch that someone in a gold-colored Ford pickup truck had obtained 21 dollars' worth of gasoline without paying for it from a service station about thirteen miles north of Georgiana. Shortly thereafter, Matthews spotted a vehicle matching that description speeding south on highway I-65. He stopped the truck and identified the appellant as the driver. Matthews arrested the appellant for speeding and, on detecting the smell of alcohol on the appellant, he took him to the city hall where he was subsequently *Page 560 
charged with driving while intoxicated.
The obvious inexactness of the State's proof is challenged on appeal. The only partially specific identification of the truck appears in the record in the testimony of Investigating Officer John Bradford concerning the license tag number. He said, "I believe the letters were RSH, but I am not sure what the numbers were." The prosecutor never introduced the vehicle identification number or a complete license tag number into evidence.
The prosecutor elicited that in the truck were found a ".38 pistol and a .22 and some type of knife." No precise description of those items was elicited to correspond to the specific description of the stolen items. Whether the knife was an Uncle Ben folding knife or whether the .38 pistol was a .38 caliber Tarus nickle-plated revolver with wooden handles and a four-inch barrel is left to speculation.
The prosecutor questioned Officer Matthews on direct examination relating to whether an officer from the Decatur Police Department had come to Georgiana concerning the theft of the truck:
 "Q. Did he have a warrant for the Defendant there, Garland Keith Carpenter, for first degree theft of this 1979 Ford pickup truck that you had stopped?
 "A. Yes, sir, I think so. I didn't see after all that — I was — he was talking to the captain, and I didn't see the warrant. But I don't know — what I mean, he had called in and said the truck was stolen."
Matthews's last comment came into evidence without objection and without a motion to exclude.
In further attempting to establish that the truck in Georgiana was the one stolen in Decatur, the prosecutor established nothing:
 "Q. Did Mr. Garland Bailey Carpenter seated here at the table, did he come down to Georgiana later on and identify the truck as being his and take this truck into his custody?
 "A. I really don't know. Now, see, I got off work at 6:00 o'clock. The chief — they handled that. I don't know who come [sic] and picked the truck up."
However, the prosecutor was able to elicit the following hearsay testimony without objection:
 "Q. And when you checked with the Decatur Police Department, you found that this truck was reported stolen?
"A. Yes, sir, they called down there — after some
 phone calls were made and said the truck was stole [sic], to hold onto it."
The prosecutor next questioned Decatur Police Officer Robert Clark concerning the recovery of the truck in question:
 "Q. . . . Did you have occasion on Monday, August the 4th, 1980, to participate in the investigation of the theft of one 1979 Ford pickup truck belonging to Mr. Garland Bailey Carpenter seated here at the table with me?
"A. Yes, sir.
 "Q. During the course of your investigation, did you receive information that the truck had been recovered in Georgiana, Alabama?
"A. Yes, sir, I did.
. . . .
 "Q. . . . Did you obtain a warrant for one Garland Keith Carpenter wherein he was charged with the first degree theft of one 1979 Ford pickup truck belonging to Garland Bailey Carpenter?
"A. Yes, sir, I did.
 "Q. After obtaining this warrant, what, if anything, did you do?
 "A. Myself and Sergeant Richard Crowell proceeded to Georgiana Police Department where we placed Mr. Garland Keith Carpenter under arrest and brought him back to Decatur.
 "Q. Did you inspect the vehicle at the Georgiana Police Department?
"A. I didn't go through it. I saw it.
 "Q. Did you find this to be the vehicle, the property of Mr. Garland Bailey Carpenter, which had been reported stolen?
"A. Yes, sir."
Defense counsel asked no questions of the witness, and the State rested its case. *Page 561 
After the State had rested its case, defense counsel moved for a "directed verdict of acquittal" on the ground that the State failed to prove the truck recovered from the appellant's possession was the one stolen in Decatur from the appellant's father. Treating the above as a motion to exclude the State's evidence, we find no error on the part of the trial court in denying it. While this case is hardly a model for prosecutors to follow in proving theft, a prima facie case was nevertheless proved by way of unobjected-to hearsay and circumstantial evidence. We summarize our conclusions as follows:
(1) Georgiana Police Officer Jimmy Lee Matthews identified appellant as driving the truck in question. He testified that Decatur Police Officer Robert Clark "had called in and said the truck was stolen." Matthews further related that after checking with the Decatur Police Department "they called down there — after some phone calls were made and said the truck was stole [sic], to hold onto it." None of this testimony was objected to. Hearsay evidence is not inherently inadmissible and must be challenged by a specific objection. Small v. State,348 So.2d 507 (Ala. 1977).
(2) Decatur Police Officer Robert Clark testified that he received information that the stolen truck in question had been recovered in Georgiana. He said he went to Georgiana the next day after the theft and brought the appellant back to Decatur. He saw the truck in Georgiana and found it to be the vehicle stolen from Garland Bailey Carpenter. This testimony likewise came in without objection.
(3) Circumstantial evidence which could be considered by the jury was the fact that the general description, make and year model of the truck recovered matched that of the stolen vehicle. Inside the recovered vehicle were two guns matching the caliber of those stolen along with a knife. Although no further specific descriptions of the guns and knife were shown, their general similarity to the items stolen and their mere presence in the truck add weight to the State's case when considered along with other evidence.
Finally, the circumstances under which the appellant was arrested and the fact that he is the son of the victim and had access to the victim's house and knowledge of the victim's property could be taken into consideration by the jury in reaching a verdict. Circumstantial evidence is given the same weight as direct evidence so long as it points to the accused as the guilty party. Lark v. State, 348 So.2d 539 (Ala.Cr.App. 1977).
AFFIRMED.
All the Judges concur.