Appellant, Ben Ward, was found guilty, by a jury, of theft in the second degree, as proscribed by § 13A-8-4, Code of Alabama 1975. Appellant was sentenced under the Habitual Felony Offender Act to 15 years in the penitentiary and was ordered to pay court costs and restitution.
The state's evidence showed that about 10:00 p.m. on December 20, 1988, four teenagers (two females and two males) stopped at the Eco gasoline service station on West South Boulevard in Montgomery. Three of the teenagers got out of the automobile and went to the restrooms while the driver checked the tires and then waited in the automobile for the others to return. The two girls had left their wallets in their purses in the automobile. One wallet contained $200 cash. While the driver was waiting for his friends to return, a stranger, later identified as the appellant, approached the automobile and knocked on the window. Appellant got into the front seat of the automobile and asked the driver if he would help him fill out an "application." The paper presented did not appear to be an application but rather some type of receipt. The driver stated he could not help him. Appellant next asked to "borrow a couple of dollars," but the driver told him he had no money. Appellant then asked for a "ride down the road" and, when the driver turned to appellant to respond in the negative, he saw appellant reach "down inside his left leg." The driver, becoming concerned, stated, "Wait a minute, man," and started to get out of the automobile when appellant said, "Now, man, wait, *Page 850 
wait, wait, wait." The driver then exited the automobile, leaving the driver's door open and appellant inside. The driver then walked up to an unidentified man and asked him to watch his automobile because a stranger was in it. The man responded, "[H]e's out of your car. There he goes."
The driver testified that appellant was in the automobile alone for about 15 to 20 seconds. There was further testimony that the automobile had the darkest tinted windows available.
Shortly after returning to the automobile, one of the girls noticed that her purse was open and that her wallet, which had contained $200, was missing. The other girl, who had been in the backseat of the automobile, also noticed that her purse was open and that her wallet, which apparently contained no cash or other valuable property, was also missing. One of the teenagers, referring to appellant, stated, "You know, he took my wallet," to which the girl in the backseat responded, "He's got mine too." The police were contacted and given a description of appellant.
Three days later, the police arrested appellant at the same Eco gasoline station. Police searched appellant, but found no money or wallet. Appellant initially gave police a fictitious name and refused to sign a waiver of his Miranda rights after the police had read them to him. Appellant later revealed his true identity and requested a meeting with the officers because "he wanted to talk." Appellant was read his rights again, and he gave a statement which was consistent with the statement of the driver of the automobile, except that appellant denied taking any money or wallets from the automobile.
Appellant's sole contention is that the trial court erred in denying his motion for judgment of acquittal, which was based on the ground that the state had failed to prove a prima facie case to support of theft in the second degree.
When a motion to exclude the state's evidence is made on the ground that the state has failed to establish a prima facie case, it is the duty of the trial court to determine whether the evidence is sufficient to sustain a conviction under the indictment. In its determination, the trial court should consider only the evidence before the jury at the time the motion is made and must consider it in the light most favorable to the state. Andrews v. State, 473 So.2d 1211 (Ala.Cr.App. 1985).
When there is legal evidence from which the jury could, by fair inference, find the defendant guilty, the trial court should submit it to the jury, and, in such a case, this court will not disturb the trial court's decision. Koger v. State,443 So.2d 1343 (Ala.Cr.App. 1983); Johnson v. State,378 So.2d 1164 (Ala.Cr.App.), writ quashed, 378 So.2d 1173 (Ala. 1979); A.R.Crim.P.Temp. 12.1(a), (b), and 12.2(a)-(c).
The evidence of theft in this case is largely circumstantial; however, circumstantial evidence is not inferior evidence, and it will be given the same weight as direct evidence if it, along with the other evidence, is susceptible of a reasonable inference pointing unequivocally to the defendant's guilt.Carpenter v. State, 408 So.2d 559 (Ala.Cr.App. 1981), cert. denied, 408 So.2d 561 (Ala. 1982). For circumstantial evidence to be sufficient to justify a conviction, the circumstances proved must not only be consistent with the hypothesis that the defendant is guilty, but inconsistent with the hypothesis that he is innocent and inconsistent with every other rational hypothesis except that of his guilt. Lloyd v. State,50 Ala. App. 646, 282 So.2d 85 (1973); Andrews v. State, supra. The test is whether the jury might reasonably find that the evidence excluded every reasonable hypothesis except that of guilt; not whether such evidence excluded every reasonable hypothesis, but whether a jury might reasonably so conclude.Cumbo v. State, 368 So.2d 871 (Ala.Cr.App. 1978), cert. denied,368 So.2d 877 (Ala. 1979).
In view of the facts set out above, we believe that the state presented a prima facie case of theft in the second degree as charged in the indictment. We are of the opinion that the legal evidence before the jury, at the time the motion for a judgment of acquittal was made, was sufficient for *Page 851 
the jury by fair inference to find appellant guilty beyond a reasonable doubt. The ruling of the trial court denying the motion for judgment of acquittal was proper.
This case is due to be, and it is hereby, affirmed.
AFFIRMED.
All Judges concur.