Samuel Jackson was indicted and convicted for the offense of murder, in violation of § 13A-6-2, Code of Alabama 1975. In accordance with the Habitual Felony Offender Act, he was sentenced to life imprisonment without parole. He appeals from that conviction.
On June 10, 1989, Jackson was seen leaving the victim's apartment with a gun in his hand. A short time later, the victim and *Page 44 
her girlfriend, who were at a lounge, saw the appellant and his brother come in and hide on the patio. Two friends of the victim went to get the victim's parents, at the victim's request. When they returned to the lounge and went to where the victim was hidden, the appellant followed and shot the victim six times. The victim was never responsive after the shooting and was declared brain dead on June 13, 1989.
At trial, Jackson the appellant was identified by eyewitnesses as the person who shot the victim. Police Officer Ward testified that Jackson came to the police station and stated that he was the one who shot the victim, but that he refused to give a formal statement. State medical examiner Lauridson testified that he did an autopsy, and that he found six gunshot wounds on the body of the victim. He further testified that a gunshot wound to the left side of the head caused fatal injury to the brain.
 I
The appellant first contends that there was a break in the chain of custody in the handling of the victim's body so as to render it error to introduce evidence concerning the injuries to the victim. Appellant's counsel admits that no objection was made, but argues this issue should have been preserved by his motion to exclude the state's evidence.
However, the motion to exclude was based on the argument that the state had failed to prove a prima facie case and had failed to prove that the appellant caused the death of the victim. The appellant in stating the grounds for his motion did not include the issue now being raised regarding the chain of custody of the body. Because the appellant failed to object concerning the chain of custody, he waived any review of that issue.Washington v. State, 555 So.2d 347, 348 (Ala.Cr.App. 1989). "Specific grounds of objection waive all grounds not specified." Smoot v. State, 520 So.2d 182, 188
(Ala.Cr.App. 1987); Fisher v. State, 439 So.2d 176
(Ala.Cr.App. 1983); Alldredge v. State, 431 So.2d 1358
(Ala.Cr.App. 1983); Ex parte Cook, 384 So.2d 1161 (Ala. 1980). An adverse ruling is required in order to preserve error for appellate review. Maul v. State, 531 So.2d 35
(Ala.Cr.App. 1987).
No objection having been made in the trial court, this issue was not preserved for review.
 II
The appellant's final contention is that the state failed to meet its burden of proof as to the cause and effect of the shooting. From a review of the record, it is clear the state did meet its burden of proof.
The state's evidence showed that two eyewitnesses identified the appellant as the person who shot the victim. The victim's sister testified that the victim had been declared brain dead in the hospital before being removed from the ventilator. The medical examiner testified that the gunshot wound to the left side of the head caused significant and fatal injury to the brain. A police officer testified that the appellant had come to the police station and stated he was the one who shot the victim.
This court, in Ward v. State, 557 So.2d 848
(Ala.Cr.App. 1990), set out the standard to test whether the state had established a prima facie case:
 "When a motion to exclude the state's evidence is made on the ground that the state has failed to establish a prima facie case, it is the duty of the trial court to determine whether the evidence is sufficient to sustain a conviction under the indictment. In its determination, the trial court should consider only the evidence before the jury at the time the motion is made and must consider it in the light most favorable to the state. Andrews v. State, 473 So.2d 1211 (Ala.Cr.App. 1985).
 "When there is legal evidence from which the jury could, by fair inference, find the defendant guilty, the trial court should submit it to the jury, and, in such a case, this court will not disturb the trial court's decision. Koger v. State, 443 So.2d 1343 (Ala.Cr.App. 1983); Johnson v. State, 378 So.2d 1164 (Ala.Cr.App.), writ quashed, 378 So.2d 1173 (Ala. 1979); *Page 45 
A.R.Crim.P.Temp. 12.1(a), (b), and 12.2(a)-(c)."
Ward, at 850.
After a review of the record, we believe that the state presented a prima facie case of murder as charged in the indictment. For the reasons stated, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.