PATTERSON, Presiding Judge.
The appellant, W.A. Taylor, Jr., was convicted after a jury trial of theft of property in the third degree, in violation of § 13A-8-5, Code of Alabama 1975, for allegedly keeping all or part of $150 in cash he was given for certain repair work to be done at Millry High School, where he was the principal. His 6-month sentence was reduced to 10 days in jail and 2 years’ probation under the authority of the Alabama Split Sentencing Act. He was also fined $1,000, was assessed $100 for the Victims’ Compensation Fund, and was ordered to pay $100 restitution. The appellant raises three issues on appeal; however, we need only address the issue of the sufficiency of the evidence.
At trial, the State’s evidence tended to show the following facts: At the time of the incident alleged in the indictment, the appellant was the principal of Millry High School. Robert Mark Chafin, Jr., the jani *144 tor at Millry High School, noticed that a post, which supported a canopy, had been damaged. After a brief inquiry, he discovered that the damage had been done by an employee of Jimmy Herring, a contractor who was roofing the school. Chafin told the appellant about the damage, and the appellant agreed that Chafin should get a repair estimate. Chafin called Jackson Glass, which had originally installed the pole, and received an estimate of $140 to repair the post. He reported the estimate to the appellant, and the appellant said that he would take care of the matter.
The Washington County Board of Education paid Jackson Glass for the post, and Phillip Howard, an employee of the Board, installed the post at Millry High School. The transaction was consistent with other business dealings between the school and Jackson Glass. The superintendent of the Board directed Howard to make the repairs. Howard also spoke with Larry Moss, who usually gave him checks for purchases and signed purchase orders.
In the meantime, Jimmy Herring, the roofing contractor, spoke with the appellant about replacing the post. After a brief discussion, Herring gave the appellant $150 in cash to have Jackson Glass install the post. Herring testified that, earlier in the year of the trial, the appellant came to his house one night at 9:00 and asked him if he remembered going to the office of the appellant’s secretary, Faye Lassiter, giving her the money, and getting a receipt. Herring testified that that never happened.
Faye Lassiter, the appellant’s secretary, was responsible for receiving money on behalf of the high school, bookkeeping, and making deposits. Lassiter testified that she first became aware that some or all of $150 was missing when Chafin asked her if she had received the money for the post. She testified that she had did not receive money for the post from either Herring or the appellant, and that she had never discussed this matter with the appellant. She testified that all money received by her from students, teachers, and “various people” is reflected in her bookkeeping records. On cross-examination, Lassiter responded negatively when asked whether this cash given to her by the appellant would be reflected in the books.
The appellant argues that the trial court erred by denying his motion for judgment of acquittal after the State’s case-in-chief. He specifically contends that the State failed to prove that he knowingly obtained or exerted unauthorized control over the property described in the indictment.
When reviewing the trial court’s ruling on an appellant’s motion for judgment of acquittal, we note that “we may consider only the evidence before the court at the time the motion was made, and we consider that evidence in the light most favorable to the State,” Colvette v. State, 568 So.2d 319 (Ala.Cr.App.1990) (citations omitted).
Section 13A-8-2, Code of Alabama 1975, provides in pertinent part: “A person commits the crime of theft of property if he ... [kjnowingly obtains or exerts unauthorized control over the property of another, with the intent to deprive the owner of his property. ...” This court in McCord v. State, 501 So.2d 520, 527 (Ala.Cr.App.1986), discussed the term “unauthorized” as follows:
“Although our theft statute contains no definition of ‘unauthorized,’ it defines ‘owner’ in § 13A-8-1(8) as ‘[a] person, other than the defendant, who has possession of or any other interest in the property involved, ... and without whose consent the defendant has no authority to exert control over the property.’ ... [Ojur theft statute is based in part on the Model Penal Code, see Ala. Code § 13A-8-2 Commentary, which defines theft in terms of exercising ‘unlawful control’ over the property of another. Model Penal Code and Commentaries § 223.2(2) (A.L.I.1980). ‘The word “unlawful” ... implies the lack of consent or authority_’ Id. at 166. The Alabama legislature, in our judgment, intended to adopt the rationale of § 223.-2(1) of the Model Penal Code in defining theft as the exertion of control unauthorized, or unconsented to, by the owner of the property.”
*145 (Emphasis added in McCord.) Thus, crucial to the determination of whether the element of exertion of unauthorized control was established is the determination of who owns the property. In the instant case, it is not disputed that the appellant had the authorization to accept the money for the replacement of the post from Jimmy Herring, but the question is whether he exceeded his authority and which entity— the school board or the high school — could give the authorization regarding the money-
In the instant case, according to the indictment and the position taken by the State, Millry High School owned the money. The State’s evidence, however, did not necessarily support that conclusion, because the State’s evidence reflected that the superintendent ordered the repair, that the post was paid for by the Board of Education, and that it was installed by a Board employee. The predominant party in the actual purchase and replacement of the post was the Washington County Board of Education, rather than Millry High School.
“For circumstantial evidence to be sufficient to justify a conviction, the circumstances proved must not only be consistent with the hypothesis that the defendant is guilty, but inconsistent with the hypothesis that he is innocent and inconsistent with every other rational hypothesis except that of his guilt.” Ward v. State, 557 So.2d 848, 850 (Ala.Cr.App.1990) (citations omitted). The State’s evidence in the instant case did not show that the appellant’s secretary should have received the money to the exclusion of the Board. The State elicited no testimony concerning the policy governing cash transactions such as the one presented here. Crucial to the State’s case was the fact that no evidence was produced to show whether the money had been paid to the Washington County Board of Education; therefore, the State has not proved that the circumstances are “inconsistent with the hypothesis that [the appellant] is innocent and inconsistent with every other rational hypothesis except that of his guilt.” The State merely proved that the money in question was not received by the appellant’s secretary, but did not exclude the possibility of some other authorized disposition; thus, the evidence was insufficient to support the appellant’s conviction.
Based on the foregoing, the judgment of the circuit court is reversed and a judgment rendered.
REVERSED AND JUDGMENT RENDERED.
All the Judges concur, except MONTIEL, J., who dissents without opinion.