BOWEN, Presiding Judge.
This is an appeal from the denial of a petition for post-conviction relief. The petitioner challenges his 1990 conviction for murder based on the following allegations: 1) ineffective assistance of trial counsel; 2) the prosecutor’s knowing use of perjured testimony;
3) the prosecutor’s failure to disclose exculpatory evidence; 4) the trial judge was related to a key witness and was therefore not fair and impartial; 5) the unconstitutional selection of grand and petit jurors; 6) the State’s failure to provide notice of the prior convictions it intended to use to enhance sentence; and 7) the ineffective assistance of appellate counsel.
This Court affirmed the petitioner's conviction in Jackson v. State, 579 So.2d 43 (Ala.Cr.App.1991).
The circuit court scheduled an evidentia-ry hearing on the petition. At the beginning of that hearing, the circuit court asked the petitioner to “state [his] Rule 32 grounds.” R. 5. The petitioner repeatedly refused to proceed with the hearing: “We’re not going to proceed, your Honor. I need my witnesses.... I filed a motion for a subpoena of witnesses and I need them here.” R. 5-6. Eventually, the petitioner refused to talk and just “nod[ded his] head to indicate the negative.” R. 6. The petitioner’s disruptive behavior caused the circuit court to order the petitioner “shackle[d].” R. 4. The record contains no subpoena filed by the petitioner.
By refusing the request of the circuit court to state the grounds of his petition for post-conviction relief at the evidentiary hearing, the petitioner waived any right to claim error in the denial of that petition. “The petitioner shall have the burden of pleading and proving by a preponderance of the evidence the facts necessary to entitle the petitioner to relief.” Rule 32.3, A.R.Crim.P. “Under the doctrine of invited error, a defendant cannot by his own voluntary conduct invite error and then seek to profit thereby.” Phillips v. State, 527 So.2d 154, 156 (Ala.1988).
The judgment of the circuit court denying the petition for post-conviction relief is affirmed.
AFFIRMED.
All Judges concur.