The substance of the appellant's claim in this appeal is that the trial court erred in not holding a sentencing hearing. However, the convictions and sentences in this case were the result of a negotiated plea agreement that was very favorable to the appellant. The appellant, who had at least three previous felony convictions, was allowed to plead guilty to two Class C felonies, as opposed to the two Class B felonies with which he was originally charged. He received concurrent 25-year sentences within a possible sentencing range of 15 to 99 years, as opposed to the mandatory life imprisonment for the Class B felonies.
At the hearing on the appellant's motion to suspend imposition of his sentence, the appellant made no credible offer of proof as to any evidence he might present that could possibly mitigate his negotiated sentence. At the motion hearing, the following occurred:
 "Mr. Whiddon [defense counsel]: Judge, he was in jail approximately five years. He's kind of the product of the prison system when he came out.
The Court: He was what?
 Mr. Whiddon: Was kind of a product of the prison system when he came out. Basically no rehabilitation whatsoever in prison. He was thrown back into a neighborhood really without any money, without any family support there for a while, started hanging around with the people. Judge, he's had some people working with him the last several weeks — and Judge, I'm not saying it would make difference, but there's some people in the community who would like to say something for him. It may very well be that if he qualifies for a suspended sentence, it may be the best thing. It may be better having this hanging over his head than sending him back into the prison system.
 The Court: Well, where were these people when he was down here before?
 Mr. Whiddon: Judge, our only response to that could be that he just didn't understand that that may make a difference and it may not. But there have been some things going on within the last week as far as people in the community. We're just asking for an opportunity to be heard. *Page 803 
And he just needs another week or two out there in order to maybe help make that difference with law enforcement.
 The Court: I see. Do you want to say anything, Mr. Scully?
Mr. Scully [Prosecutor]: No, sir.
 The Court: All right. Mr. Whiddon, what this motion I think amounts to is a motion of rehearing is about what it amounts to and with due respect it will be overruled and denied. He needs to turn himself in to the sheriff. Have a seat over here. Mr. Whiddon: All right, sir."
(Motion R. 7-9.)
I believe that the appellant did have a sentencing hearing, in compliance with Rule 26.6(b)(1), Ala.R.Crim.P., immediately after the trial court accepted his guilty plea. The above-quoted portion from the motion hearing indicated that had the appellant presented witnesses at his guilty plea proceeding, the judge would have allowed them to be heard. He simply did not do so. Following the appellant's plea of guilty, the following occurred:
 "The Court: It's the judgment of this Court that you are in fact guilty of these two offenses of illegal possession of cocaine as you pled. As punishment, I sentence you to 25 years imprisonment in the state penitentiary in each case to run concurrently with each other. . . . Mr. Byrd, has your client been sentenced in accordance with the agreement?
"Mr. Byrd [defense counsel]: Yes, sir, he has.
 "The Court: Jimmy, have you been sentenced in accordance with the agreement?
"The Defendant: Yes, sir."
At this point, the appellant had the opportunity to say anything he wished; he apparently chose to say nothing.
As to any claim that the appellant might have received a suspended sentence based on hypothetical witness testimony, § 13A-5-9(c)(1), Code of Alabama 1975, provides that 15 years is the minimum sentence possible as a habitual offender in this case. The record shows that the trial judge was not receptive to any further reduction in the appellant's sentence because it had already been substantially reduced by the plea agreement. It is apparent from the record that the appellant negotiated the best possible sentence, under the circumstances. If the trial court erred here, it was harmless error. Cf. Holley v.State, 651 So.2d 50, 54 (Ala.Crim.App. 1994).
Additionally, I agree with Judge Bowen's dissent inLancaster v. State, 638 So.2d 1370, 1374 (Ala.Crim.App. 1993), that, among other sentencing concerns, allocution is not a jurisdictional matter and, therefore, may be waived. The appellant must raise this specific issue in the trial court to preserve it for our review. Nowhere in the appellant's motion or at sentencing did he raise this specific issue; consequently, it was not preserved for our review. See Jacksonv. State, 579 So.2d 43, 44 (Ala.Crim.App. 1991); Edwards v.State, 628 So.2d 1021, 1025 (Ala.Crim.App. 1993).
I see no error in the trial court's denial of the appellant's motion; remand of this case is inappropriate and warrantless. Therefore, I respectfully dissent.