COBB, Judge.
Carlos Edward Hill was charged by indictment with breaking into a vehicle (a felony) and third degree theft (a misdemeanor). Hill was also charged in a separate indictment with another count of breaking into a vehicle. On November 17, 1997, Hill was advised of the possible sentences he could receive for each charge. He then entered guilty pleas and was adjudged guilty of each offense. Sentencing was continued until March 20, 1998. At the sentencing hearing Hill was asked if he had anything to say before sentence was pronounced, and Hill spoke briefly. The trial court pronounced sentence in open court for the two felony convictions but the record does not reflect that the trial court pronounced sentence upon Hill for the misdemeanor conviction. However, the case action summary sheet reflects that in addition to his felony sentences, Hill was sentenced to serve one year in the Montgomery County jail for the misdemeanor theft conviction and that that sentence was to run concurrently with the felony convictions.
Hill contends on appeal that the trial court erred by not pronouncing in open court his sentence for the misdemeanor conviction. The State agrees and requests that we remand this case to the trial court for sentence to be imposed upon Hill in open court. We agree that a remand is required under Rules 26.1(a)(2) and 26.9(b), Ala.R.Crim.P.[1]
*939 Rule 26.1(a)(2), A.R.Crim.P., defines “sentence” as “the pronouncement by the court of the penalty imposed upon the defendant after a judgment of guilty.” “Pronounce” is “to utter officially or ceremoniously.” Webster’s Third New International Dictionary, G. & C. Merriam Co.1971. “Utter” is defined as “to send forth as a sound: give out in an audible voice.” Id. Sentence was not “pronounced” in this case as to the misdemean- or.
Here, the sentence on the misdemeanor is not indicated on the transcript; it was imposed by a written entry on the case action summary sheet. Doing so violated Hill’s constitutional right to be present at the pronouncement of his sentence. Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967); Rule 26.7, Ala.R.Crim.P., and Committee Comments to Rule 26.7.
There is no indication that Hill waived his right to be present at the pronouncement of sentence. See, Rule 26.7, Ala.R.Crim.P. However, even if we held that Hill had implicitly waived his right to be present at the pronouncement of sentence because he appeared for sentencing on his misdemeanor conviction but said nothing when the trial court concluded the proceedings without pronouncing sentence on that conviction, we would still remand the case.
“ ‘It is well settled that recitals in the judgment [entry] import absolute verity, unless contradicted by other portions of the record.’... In this case, the judgment entries are contradicted by the court reporter’s transcript. Where such a conflict exists, this Court must ‘remand the cause to the trial court with directions to resolve the conflict.’ ”
Duncan v. State, 587 So.2d 1260, 1264 (Ala.Cr.App.1991) (citation omitted) (allo-cution not included in reporter’s transcript); (distinguishing Howard v. State, 165 Ala. 18, 50 So. 954 (1909)). Here there is a conflict between the reporter’s transcript and the written judgment entry.
This case is remanded with instructions to the trial court to pronounce sentence upon Hill as prescribed in Rule 26.9, Ala. R.Crim.P. Due return shall be made by the trial court of the action taken below and a transcript of the proceeding. The trial court shall take the necessary action to ensure that the circuit clerk makes said return to this court at the earliest possible time within 49 days of the release of this opinion.
REMANDED WITH INSTRUCTIONS. *
LONG, P.J., and McMILLAN, BROWN, and BASCHAB, JJ., concur.

. Rule 26.1, Ala.R.Crim.P., states:
"(a) Definitions.
"(1) 'Judgment' means the adjudication of the court based upon a plea of guilty by the defendant, upon the verdict of the jury, or upon its own finding following a nonjury trial, that the defendant is guilty or not guilty.
"(2) 'Sentence' means the pronouncement by the court of the penalty imposed upon the defendant after a judgment of guilty.
"(3) ‘Determination of guilt’ means a verdict of guilty by a jury, a finding of guilty by a court following a nonjury trial, or the acceptance by the court of a plea of guilty.”
Rules 26.9(a) and (b), Ala.R.Crim.P., states:
“(a) Pronouncement of Judgment. Judgment shall be pronounced in open court. A judgment of conviction shall set forth the plea, the verdict, the findings, if any, and the adjudication. If the defendant is found not guilty or for any other reason is entitled to be discharged, judgment shall be entered accordingly.
"(b) Pronouncement of Sentence. In pronouncing sentence, the court shall: (footnote cont'd.)
*939 "(1) Afford the defendant an opportunity to make a statement in his or her own behalf before imposing sentence;
"(2) State that a credit will be allowed on the sentence, as provided by law, for time during which the defendant has been incarcerated on the present charge. On timely application of a defendant and upon a finding of indigency by the court, the court shall make an order appointing an attorney and shall provide a free transcript;
"(3) Explain to the defendant the terms of the sentence;
“(4) Inform the defendant as to defendant's right to appeal. When informing the defendant of his right to appeal, the court shall also advise the defendant that if he is indigent, counsel will be appointed to represent him on appeal if he so desires, and that a copy of the record and reporter's transcript will be provided at no cost to him for purposes of appeal, if the appeal is from a judgment and sentence of the circuit court."

 Note from the reporter of decisions: On March 26, 1999, on return to remand, the Court of Criminal Appeals affirmed, without opinion.