Application for Rehearing

PER CURIAM.
The appellant, James E. King, appeals his conviction for the unlawful distribution of a controlled substance and his sentence of 15 years in the state penitentiary. We previously dismissed this appeal by an unpublished order because the notice of appeal was filed more than 42 days after King was sentenced. See Rule 4, Ala. R.App.P. We noted in the order of dismissal that King’s motion for a new trial was not timely; therefore, it failed to toll the time for filing a notice of appeal. See King v. State, [Ms. CR-02-1066, March 12, 2003] — So.2d-(Ala.Crim.App.2003) (table). This case is now before this Court on King’s motion to reinstate his appeal. We have treated King’s motion as an application for rehearing.
King was sentenced in open court on December 10, 2002; he filed a motion for a new trial on January 10, 2003 — more than 30 days after his sentence was pronounced. King then filed a notice of appeal on March 6, 2003 — more than 42 days after he was sentenced. King argues that his motion for a new trial was timely and operated to toll the time for filing notice of appeal because the order of the trial court fixing his sentence was not filed in the Colbert County circuit clerk’s office until December 12, 2002.[1] He argues that we must calculate the date for filing the mo *678 tion for a new trial from the later date and not the date that his sentence was pronounced in open court. Based on the clear wording of the rule addressing this issue, we must disagree.
Rule 24.1(b), Ala.R.Crim.P., states:
“(b) Timeliness. A motion for a new trial must be filed no later than thirty (30) days after sentence is pronounced. After a denial of a motion for a new trial, the previously filed notice of appeal shall be deemed to have been filed as of the date of the denial of the motion and shall include an appeal from the denial of the motion.”
(Emphasis added.)
This court has previously addressed the meaning of “pronouncement of sentence” as that term is used in Rule 26, Ala. R.Crim.P. See Hill v. State, 733 So.2d 937 (Ala.Crim.App.1998). In Hill, we stated:
“Rule 26.1(a)(2), [Ala.]R.Crim.P., defines ‘sentence’ as ‘the pronouncement by the court of the penalty imposed upon the defendant after a judgement of guilty.’ ‘Pronounce’ is ‘to utter officially or ceremoniously.’ Webster’s Third New International Dictionary, G. & C. Merriam Co.1971. ‘Utter’ is defined as ‘to send forth as a sound: give out in an audible voice.’ Id.”
733 So.2d at 939.
Rule 24.1, clearly states that the time period for filing a motion for a new trial runs from the date that the sentence is pronounced by the trial court. A sentence is pronounced when it is uttered in open court. Therefore, the time for filing the motion for a new trial began to run on December 10, 2002, the date that King was sentenced in open court.
Because King’s motion for a new trial was not timely it failed to toll the time for filing a notice of appeal. Therefore, King’s notice of appeal was untimely, and our dismissal of this appeal was proper.
The appellant’s relief, if any, is to file a petition for postconviction relief according to Rule 32.1(f), Ala.R.Crim.P.
APPLICATION OVERRULED.
McMILLAN, P.J., and COBB, BASCHAB, SHAW, and WISE, JJ., concur.

. Rule 4(b)(1), Ala.R.App.P., states, in part:
"(1) Circuit Court. In a criminal case a notice of appeal by the defendant shall be filed with the clerk of the trial court within 42 days (6 weeks) after pronouncement of the sentence, provided that the notice of appeal may be oral, as provided in Rule 3(a)(2). A notice of appeal filed after the *678 announcement of a decision or order, but before pronouncement of the sentence, shall be treated as having been filed after pronouncement of the sentence and on the day thereof. If a motion in arrest of judgment, motion for new trial, or motion for judgment of acquittal has been filed, within 30 days from pronouncement of the sentence, an appeal may be taken within 42 days (6 weeks) after the denial or overruling of the motion.”