WINDOM, Presiding Judge.
Marcus Benn appeals his seven convictions for capital murder for killing Jaime Gutierrez, Jose Colderon, and Evelyn Per-alta. Benn was'convicted of one count of murder made capital because he murdered Gutierrez, Colderon, and Peralta “by one act or pursuant to one scheme or course of conduct.” § 13A-5-40(a)(10), Ala.Code 1975. He was convicted of 3 counts of murder made capital because he murdered Gutierrez, Colderon, and Peralta after having been convicted of murder in the 20 years preceding the offenses. § 13A-5-40(a)(13), Ala.Code 1975. He was also convicted of three counts of murder made capital because he murdered Gutierrez, Colderon, and Peralta while he under a sentence of life in prison. § 13A-5-40(a)(6), Ala.Code 1975. After the penalty phase, the jury recommended, by a vote of 10 to 2, that Benn be sentenced to death.
On December 10, 2014, the circuit court conducted a judicial-sentencing hearing. At the conclusion of the judicial-sentencing hearing, the circuit court took the parties’ positions under advisement but did not pronounce Benn’s sentences in open court. On January 29, 2015, the circuit court issued a written order sentencing Benn to death. Thereafter, on March 9, 2015, Benn filed a notice of appeal to this Court.
On appeal, Benn argues, among other things, that this Court lacks jurisdiction to review this matter because the circuit court failed to enter a judgment of conviction. Specifically, Benn argues that “[a] judgment of conviction consists of both the ‘determination of guilt of the offense and a pronouncement of sentence.’ ” *858 (Benn’s brief, at 11) (quoting Ex parte Walker, 152 So.3d 1247, 1252 (Ala.2014).) Benn then argues that the circuit court’s “failure to pronounce Mr. Benn’s sentence in open court prohibits this Court from exercising jurisdiction to hear this appeal.” (Benn’s brief, at 13.) Specifically, Benn asserts that, because the circuit court did not pronounce his sentence in open court, a judgment of conviction was never entered and his appeal is not ripe. (Benn’s brief, at 13.) This Court agrees.
In Ex parte Kelley, [Ms. 1131451, Nov. 6, 2015] — So.3d — (Ala.2015), the Alabama Supreme Court reviewed a materially indistinguishable case and held that the circuit court’s failure to pronounce the defendant’s sentence in open court deprived this Court of jurisdiction to review that conviction. Our Supreme Court explained that, under § 12-22-130, Ala.Code 1975:
“ ‘A person convicted of a criminal offense in the circuit court or other court from which an appeal lies directly to the Supreme Court or Court of Criminal Appeals may appeal from the judgment of conviction to the appropriate appellate court.’ ”
Ex parte Kelley, — So.3d at — (quoting § 12-22-130, Ala.Code 1975). Thus, “[u]nder § 12-22-130, appeals lie only from a ‘judgment of conviction.’ ” Ex parte Kelley, — So.3d at — (quoting Ex parte Eason, 929 So.2d 992, 993 (Ala.2005), and citing Thornton v. State, 390 So.2d 1093, 1096 (Ala.Crim.App.1980)). The Alabama Supreme Court explained that, “[a] judgment of conviction consists of the pronouncement of both a determination of a defendant’s guilt and a sentence.” Ex parte Kelley, — So.3d at — (citing Ex parte Walker, 152 So.3d at 1252). The Alabama Supreme Court then determined that,
“ ‘ “[to] ‘[p]ronounce’ is ‘to utter officially or ceremoniously.’ Webster’s Third New International Dictionary, G. & C. Merriam Co. 1971. ‘Utter’ is defined as ‘to send forth as a sound: give out in an audible voice.’ Id.” ’ King v. State, 862 So.2d 677, 678 (Ala.Crim.App.2003) (quoting Hill v. State, 733 So.2d 937, 939 (Ala.Crim.App.1998)).”
Ex parte Kelley, — So.3d at —. Accordingly, the Supreme Court held that, to enter a judgment of conviction, the trial court must pronounce in open court both an adjudication of guilt and a sentence. Id. at-. “Absent a judgment of conviction, a conviction is not ripe for appeal,” and this Court lacks jurisdiction to review the cause. Ex parte Kelley, — So.3d at —(citing Ex parte Walker, 152 So.3d at 1252).
Here, the circuit court did not pronounce in open court Benris sentences for his capital-murder convictions. Rather, the circuit court stated that it would not pronounce the sentences:
“Because this is a matter of such sensitive nature and it’s a very emotional consideration for the families to face, I am going to take all of the arguments under advisement and issue a sentencing order.
“The conclusion, or the verdict that I render, or the sentence that I render, I should say, will be communicated to each family via the respective attorneys. And so I ask that you-all will find peace in whatever way that you can.”
(R. 1061.)
Under Ex parte Kelley, because the circuit court did not pronounce sentences for Benn’s convictions, there is no “judgment of conviction, [and Benris] conviction[s] [are] not ripe for appeal.” Ex parte Kelley, — So.3d at —. Consequently, this Court lacks jurisdiction to review Benris appeal.
*859 The State appears to concede that the Alabama Supreme Court’s opinion in Kelley supports the position that no judgments of conviction have been entered in these cases but argues that this Court should nonetheless hold that the issuance of a sentencing order without the pronouncement in open court of a sentence is sufficient to enter Benn’s judgments of conviction. In Ex parte Kelley, the Alabama Supreme Court considered the State’s argument and rejected it, holding that nothing less than a pronouncement in open court of the defendant’s sentence will satisfy the sentencing element of a judgment of conviction. — So.3d — (holding that the “trial court’s written order was not the entry of a ‘sentence’ sufficient to support a [determination] that a judgment of conviction was entered”). “[T]his Court is bound by the decisions of the Alabama Supreme Court and has no authority to modify those decisions.” Vanpelt v. State, 74 So.3d 32, 86 (Ala.Crim.App.2009) (citing § 12-3-16, Ala. Code 1975).
Because the circuit court did not pronounce Benn’s sentences in open court, no judgments of conviction have been entered that would support this appeal. Ex parte Kelley, — So.3d at —. Accordingly, this Court lacks jurisdiction to consider Benn’s appeal, and it is dismissed.[1]
APPEAL DISMISSED.
WELCH, KELLUM, BURKE, and JOINER, JJ., concur.

. This Court notes that this cause remains pending in the circuit court awaiting the entry of the judgments of conviction.