WELCH, Judge,
concurring specially.
I concur with the decision to dismiss Mitchell Vann Glaze’s appeal from his municipal-court conviction for driving under the influence based on the Alabama Supreme Court’s decision in Ex parte Kelley, [Ms. 1131451, Nov. 6, 2015] — So.3d —(Ala.2015). The municipal court did not pronounce Glaze’s adjudication of guilt or his sentence in open court; the trial proceedings were transcribed and do not include those matters. Furthermore, the court stated on the record at the conclusion of the evidence that it would enter its judgment and sentence into the record on the day following the trial. The bench notes from the day following the trial state that the court found Glaze guilty and imposed sentence. There being no adjudication in open court, this Court lacks jurisdiction and dismissal of the appeal is required.
In Kelley and in this case the trial proceedings were recorded and transcribed by a court reporter, and in each case the record included a transcript of the proceedings in the trial court. Because we have a transcript of Glaze’s trial, it is clear that no adjudication or sentencing took place in open court. Therefore, the issue whether a transcript of the adjudication of guilt and sentence is required is not before us, and the issue cannot be addressed until it is squarely presented in a case.
In his special writing, Judge Joiner states:
*861 “The supreme court then explained that a ‘pronouncement’ sufficient to invoke the jurisdiction of this Court exists only when the court reporter’s transcript demonstrates that the sentencing court ‘uttered’—that is, ‘“sen[t] forth as a sound: g[a]ve out in an audible voice” ’—both the ‘defendant’s guilt and sentence.’ — So.3d at-.”
Glaze, 211 So.3d at 862 (Joiner, J., concurring specially)(footnote omitted).
However, Ex parte Kelley actually held:
“Kelley alleges that no judgment of conviction was entered on the sexual-torture conviction because, he argues, the trial court did not pronounce a sentence on that conviction. After reviewing the transcript from Kelley’s sentencing hearing, we agree. ‘ “ ‘Pronounce’ is ‘to utter officially or ceremoniously.’ Webster’s Third New International Dictionary, G. & C. Merriam Co. 1971. ‘Utter’ is defined as ‘to send forth as a sound: give out in an audible voice.’ Id.” ’ King v. State, 862 So.2d 677, 678 (Ala.Crim.App.2003) (quoting Hill v. State, 733 So.2d 937, 939 (Ala.Crim.App.1998)). It is undisputed that, during Kelley’s sentencing hearing, the trial court did not mention Kelley’s sexual-torture conviction; the trial court did not pronounce a determination of guilt as to that conviction or a sentence. Thus, a judgment of conviction was not entered as to that offense. See Ex parte Walker, [152 So.3d 1247, 1252 (Ala.2014) ](defining a judgment of conviction as the pronouncement of both a determination of a defendant’s guilt and a sentence). Because a judgment of conviction was not entered for that offense, Kelley’s sexual-torture conviction was not ripe for appeal. See Id.”
Ex parte Kelley, — So.3d at —.
An examination of Ex parte Kelley reveals that the Supreme Court did not actually state in any other section of the opinion that a transcript of the adjudication of guilt and pronouncement of a sentence was required to confer jurisdiction on this Court. The Supreme Court merely referred to the trial record before it, which contained a transcript of the trial. To conclude that the Supreme Court held that there must be a transcript containing an adjudication of guilt and pronouncement of sentence in open court to confer appellate jurisdiction on this Court is an unwarranted inference.
However, the issue whether a transcript of the adjudication of guilt and sentence is required to confer jurisdiction upon this Court is not before us because Glaze hired a court reporter who transcribed the proceedings. Until the issue Judge Joiner discusses arises in a case and is presented squarely to this court, the issue need not be addressed.
As to the issue now before us, I concur in the decision to dismiss this appeal.