Rel: September 27, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# Alabama Court of Criminal Appeals

## OCTOBER TERM, 2023-2024

———————————————

## CR-2023-0886

———————————————

## T.J.F.

## v.

## State of Alabama

## Appeal from Morgan Circuit Court
## (CC-20-37)

McCOOL, Judge.

T.J.F. appeals his conviction for sexual abuse of a child less than 12 years old. See § 13A-6-69.1, Ala. Code 1975. For the reasons set forth herein, we affirm T.J.F.'s conviction, but we remand the case for a new sentencing hearing.

Facts and Procedural History

In October 2019, a Morgan County grand jury indicted T.J.F. for one count of sexual abuse of a child less than 12 years old. The alleged victim was T.J.F.'s stepdaughter, T.E., who testified against him at trial. T.E., who was 17 years old at the time of trial, was born in Indiana and moved to Alabama in May 2016 with her mother, her siblings, and T.J.F. According to T.E., she "had just turned 10 years old" at that time. (R. 51.) T.E. testified that, "[a]round April of 2018" (R. 53), when she was "close to 12 years old" (R. 54), she was watching television with T.J.F. when he "started touching [her] in inappropriate ways." (R. 55.) Specifically, T.E. testified that T.J.F. "started touching [her] on [her] vagina" (id.) and that he "[e]ventually started making [her] touch him and then he moved it to [her] room." (R. 56.) Once they were in T.E.'s bedroom, T.J.F. "decided he was going to try to have intercourse with [her]" and instructed her to remove her clothes, which she did "because [she] did not want to get hurt." (Id.) T.J.F. "was not able to make penetration" because T.E. "was not aroused," but he "ejaculated on [her] stomach" and then left the room. (R. 57.) A few weeks later, T.E. told her mother about the incident. T.E. admitted at trial that she had later

recanted the allegation, telling her mother that the incident did not happen and also telling her therapist "many times" that it did not happen. (R. 65.) When asked on cross-examination to reconcile her recantations with her testimony at trial, T.E. testified that her mother and her therapist had "made [her] believe that it didn't happen." (R. 67.)

Carissa Sullivan, a case worker with the Morgan County Department of Human Resources ("DHR"), testified that DHR was made aware of the allegation against T.J.F. in June 2018. On cross-examination, defense counsel attempted to elicit Sullivan's testimony that, following an investigation by DHR, T.J.F. "was found not indicated" (R. 74), meaning that DHR did not find him to be "guilty" of the allegation. (R. 76.) When Sullivan testified that she was "not sure" (R. 74) whether T.J.F. had been "indicated," defense counsel attempted to have her review some notes from the DHR file ("the DHR records"). However, the State objected to any testimony regarding the DHR records and to the admission of the records themselves, and the trial court sustained the State's objection.

The jury found T.J.F. guilty of sexual abuse of a child less than 12 years old. On October 3, 2023, the trial court held the sentencing hearing

and sentenced T.J.F. to 18 years' imprisonment; the court split the sentence, ordering T.J.F. to serve 4 years' imprisonment to be followed by 36 months of probation. Five days later, the trial court issued a written sentencing order, which states that T.J.F. was sentenced to a "straight" sentence of 14 years' imprisonment. (C. 52-53.) Following the denial of his motion for a new trial, T.J.F. filed a timely notice of appeal.

## Discussion

T.J.F. raises three claims on appeal that, he says, entitle him to relief from his conviction, and he also argues that the case must be remanded for the trial court to clarify what sentence it intended to impose. We address those four claims in turn.

## I.

T.J.F. argues that the trial court erred by denying his motion for a judgment of acquittal because, he says, the State's evidence was not sufficient to sustain his conviction.

> "'"In determining the sufficiency of the evidence to sustain a conviction, a reviewing court must accept as true all evidence introduced by the State, accord the State all legitimate inferences therefrom, and consider all evidence in a light most favorable to the prosecution."' Ballenger v. State, 720 So. 2d 1033, 1034 (Ala. Crim. App. 1998) (quoting Faircloth v. State, 471 So. 2d 485, 488 (Ala. Crim. App. 1984), aff'd, 471 So. 2d 493 (Ala. 1985)). '"The test used in

4

determining the sufficiency of evidence to sustain a conviction is whether, viewing the evidence in the light most favorable to the prosecution, a rational finder of fact could have found the defendant guilty beyond a reasonable doubt."' Nunn v. State, 697 So. 2d 497, 498 (Ala. Crim. App. 1997) (quoting O'Neal v. State, 602 So. 2d 462, 464 (Ala. Crim. App. 1992)). '"When there is legal evidence from which the jury could, by fair inference, find the defendant guilty, the trial court should submit [the case] to the jury, and, in such a case, this court will not disturb the trial court's decision."' Farrior v. State, 728 So. 2d 691, 696 (Ala. Crim. App. 1998) (quoting Ward v. State, 557 So. 2d 848, 850 (Ala. Crim. App. 1990)). 'The role of appellate courts is not to say what the facts are. Our role ... is to judge whether the evidence is legally sufficient to allow submission of an issue for decision [by] the jury.' Ex parte Bankston, 358 So. 2d 1040, 1042 (Ala. 1978)."

McGlocklin v. State, 910 So. 2d 154, 156 (Ala. Crim. App. 2005).

"A person commits the crime of sexual abuse of a child less than 12 years old if he or she, being 16 years old or older, subjects another person who is less than 12 years old to sexual contact." § 13A-6-69.1(a).

T.J.F. challenges the sufficiency of the evidence by arguing that the State failed to prove that T.E. was less than 12 years old at the time of the offense. In support of that claim, T.J.F. contends that the only evidence regarding T.E.'s age is her testimony that she was "close to 12 years old" at the time of the offense, and he argues that "'close to' could mean shortly before or shortly after T.E.'s twelfth birthday." (T.J.F.'s brief, p. 24.) Thus, according to T.J.F., the evidence regarding T.E.'s age

5

is "nebulous and ambiguous" and "does not exclude [the] inference" that T.E. "was actually 12 years old" at the time of the offense. (Id., pp. 24, 31.)

It is true that no evidence unequivocally establishes T.E.'s age at the time of the offense, but the State was not required to present evidence that left no doubt as to her age; rather, it was required to present evidence that proved her age beyond a reasonable doubt. That said, T.E. testified that she "had just turned 10 years old" when her family moved to Alabama in May 2016, and she testified that the offense occurred in April 2018 when she was "close to 12 years old." From that evidence, the jury could have concluded beyond a reasonable doubt that, at the time of the offense, T.E. was nearing, but had not yet reached, 12 years of age. Indeed, "[j]urors are not required to check their common sense at the courthouse door," Black v. State, 295 So. 3d 1120, 1136 (Ala. Crim. App. 2019), and, relying on their common sense, the jurors likely recognized that a person generally does not state that she is "close" to an age she has already reached but, instead, will state that she "is" that age, even if she has only recently reached that age. Thus, construing the evidence in a light most favorable to the State, we find no error in the trial court's

6

denial of T.J.F.'s motion for a judgment of acquittal. T.J.F.'s reliance on Washington v. State, 645 So. 2d 915, 919 (Miss. 1994), is misplaced because, in that case, "[t]he only evidence which the jury saw or heard concerning the age of the victim was their actual sight of the victim while she testified," which is not the case here.

## II.

T.J.F. argues that the trial court erred by denying his motion for a new trial because, he says, the jury's verdict was against the great weight of the evidence. In support of that claim, T.J.F. continues to argue that, given the State's evidence, "[i]t is at least as likely that T.E. was 12 [years old] as it is that she was under 12 [years old]" at the time of the offense. (T.J.F.'s brief, p. 51.) However, we have already explained that the jury could have concluded beyond a reasonable doubt that T.E. was less than 12 years old at the time of the offense; moreover, arguing that the evidence equally supports two different conclusions does not establish that the evidence weighs more heavily in favor of one conclusion. Thus, this argument is unpersuasive.

T.J.F. also argues that "T.E.'s credibility, to put it kindly, is highly suspect in light of her behavioral issues, her inconsistent stories, her

multiple recantations, and the fact that her own therapist believed she had made the incident up in her head." (T.J.F.'s brief, p. 52.) However, it is well settled that "[a]ny inconsistencies or conflicts in the evidence and the credibility of the [witnesses] were questions for the jury, not for this Court" or the trial court. Jones v. State, 853 So. 2d 1036, 1038 (Ala. Crim. App. 2002) (overruled on other grounds by Lightfoot v. State, 152 So. 3d 445 (Ala. 2013)). Thus, this argument also does not entitle T.J.F. to relief.

## III.

T.J.F. argues that the trial court erred by sustaining the State's objection to the admission of the DHR records. T.J.F.'s primary argument is not that the DHR records were admissible; instead, he argues that the trial court erred by sustaining the State's objection "without first inspecting [the DHR records] in camera to determine whether they contained any exculpatory or impeachment materials." (T.J.F.'s brief, p. 52.) However, T.J.F. did not ask the trial court to inspect the DHR records before ruling on the State's objection, and he never argued below that the court should have sua sponte inspected them before ruling on their admissibility. It is well settled that "[r]eview on

8

appeal is restricted to questions and issues properly and timely raised at trial." Ex parte Coulliette, 857 So. 2d 793, 794 (Ala. 2003) (citation omitted). Thus, T.J.F. is not entitled to relief on this claim.

T.J.F. concedes that he did not raise this claim below (T.J.F.'s reply brief, p. 19), but, citing D.P. v. State, 850 So. 2d 370 (Ala. Crim. App. 2002), he argues that he was not required to do so. In D.P., the defendant filed a motion to compel the production of the victim's mental-health records, and, without reviewing the records to determine if they contained any exculpatory or impeachment evidence, the trial court denied the motion. On appeal from the defendant's conviction, this Court remanded the case for further proceedings, holding that the trial court was required to "inspect the records before ruling on the [defendant's] motion." Id. at 374. However, this case does not involve a motion to compel the production of records but, instead, involves the admissibility of records that the defendant had in his possession, and nothing in D.P. indicates that a trial court is required to conduct an in camera inspection of records before ruling on their admissibility at trial. Furthermore, to the extent D.P. might be applicable, it does not hold that a trial court's in camera inspection of records is an issue that does not have to be

9

preserved at trial; in fact, it is ambiguous as to whether the defendant in that case requested an in camera inspection. Thus, we are not persuaded by T.J.F.'s argument that he was not required to preserve this claim for appellate review.

To the extent T.J.F. argues that the trial court erred by refusing to admit the DHR records into evidence, he contends that the records contained statements by T.E. that were admissible under § 15-25-31, Ala. Code 1975, which provides that an out-of-court statement by a child under 12 years of age is admissible in certain circumstances. However, T.J.F. did not raise that argument when proffering the DHR records for admission; instead, he argued that the records were admissible under the business-records exception to the rule against hearsay. (R. 74-78.) See Rule 803(6), Ala. R. Evid. Thus, we will not consider this claim. Ex parte Coulliette, supra.

## IV.

T.J.F. argues that this case must be remanded for the trial court to clarify what sentence it intended to impose because there is a discrepancy between the sentence that the court pronounced at the sentencing hearing and the sentence reflected in the court's written sentencing

order. As noted, at the sentencing hearing the trial court pronounced a sentence of 18 years' imprisonment and split the sentence, ordering T.J.F. to serve 4 years' imprisonment to be followed by 36 months of probation. However, in its written sentencing order, the trial court stated that T.J.F. was sentenced to a "straight" sentence of 14 years' imprisonment. The State agrees with T.J.F., arguing that remand is required "for the limited purpose of resolving the discrepancy between the court's oral pronouncement of sentence … and the written sentencing order." (State's brief, p. 26.) We agree that remand is required, but we do not agree that the trial court must simply clarify what sentence it intended to impose. Rather, under the specific facts of this case, the trial court is required to hold a new sentencing hearing.

"[T]o enter a judgment of conviction, the trial court must pronounce in open court both an adjudication of guilt and a sentence." Benn v. State, 211 So. 3d 857, 858 (Ala. Crim. App. 2016). "[N]othing less than a pronouncement in open court of the defendant's sentence will satisfy the sentencing element of a judgment of conviction." Id. at 859. In this case, the trial court satisfied the requirement of pronouncing T.J.F.'s sentence in open court, but the execution of the sentence that the court pronounced

11

is illegal because a trial court may not split a sentence that was imposed for a sex offense involving a child. Holley v. State, 212 So. 3d 967, 969 (Ala. Crim. App. 2014). It appears that the trial court might have subsequently recognized that it could not split T.J.F.'s sentence because the court's written sentencing order reflects a "straight" sentence, but that sentence was not pronounced in open court.

In short, then, no legal sentence has been pronounced in open court in this case. We therefore remand the case to the trial court with instructions for that court to hold a new sentencing hearing at which it pronounces a legal sentence for T.J.F.'s conviction. We reiterate that T.J.F.'s sentence may not be split, and we also note that, pursuant to § 13A-5-6(a)(6), the sentence may not be less than 10 years' imprisonment. The trial court shall take all necessary steps to ensure that due return is made to this Court within 28 days of the date of this opinion, and the return to remand shall include the transcript of the sentencing hearing and the new sentencing order.

AFFIRMED AS TO CONVICTION; REVERSED AS TO SENTENCE; AND REMANDED WITH INSTRUCTIONS.

Windom, P.J., and Kellum, Cole, and Minor, JJ., concur.