MAXWELL, JUSTICE, FOR THE COURT:
 

 ¶ 1. The circuit court dismissed as untimely Larry Christmas's misdemeanor appeal from county court. Christmas appealed the circuit court's dismissal to this Court. Because the record shows Christmas's notice of appeal was filed too late and that Christmas failed to request an extension, we affirm.
 

 Background Facts and Procedural History
 

 ¶ 2. On December 15, 2015, Christmas was tried
 
 de novo
 
 in the County Court of Harrison County, First District, on two misdemeanor traffic charges-(1) improper turn and (2) no proof of liability insurance. At the close of trial, the county court found Christmas not guilty on the charge of improper turn but guilty of no proof of liability insurance. The court fined Christmas $200 plus court costs and remanded
 the matter to the justice court to enforce this penalty.
 

 ¶ 3. The county court's final judgment was entered January 13, 2016, giving Christmas thirty days to file his notice of appeal to circuit court. On February 9, Christmas filed a "Motion to Vacate Final Judgment and Order." Then on February 12, 2016-exactly thirty days after the final judgment was entered-Christmas mailed a notice of appeal and a $166 money order to the Harrison County Circuit Clerk. Due to President's Day being the following Monday, the post office did not deliver the mailing until Tuesday, February 16, 2016. Christmas's notice was stamped filed on February 17-five days after it was due.
 

 ¶ 4. On June 27, 2016, the circuit court requested Christmas show cause why his appeal should not be dismissed as untimely. Christmas responded in writing on July 11, 2016. First, he asserted his notice of appeal
 
 was
 
 timely because it was filed on February 12-the date he mailed it. Second, he argued his February 9 motion to vacate tolled the time to file his appeal. Third, he claimed he had complied with all filing requirements by February 12. And, but for the clerk's office supposedly closing early, his notice would have been filed that day.
 
 [1]
 

 ¶ 5. The circuit court dismissed Christmas's appeal as untimely. Because the motion to vacate was not filed within ten days of the final judgment, it had not tolled the thirty-day time period to file an appeal.
 
 See
 
 M.R.A.P. 4(e) ; URCCC 10.05. Thus, Christmas had until February 12, 2016, to
 
 file
 
 -not mail, but file-his notice of appeal.
 
 See
 
 URCCC 12.03. And the record clearly showed Christmas's notice of appeal was not filed until February 17.
 

 ¶ 6. Upon dismissal, Christmas appealed to this Court.
 

 Analysis
 

 ¶ 7. Christmas raises multiple issues challenging the underlying traffic stop that led to his no-proof-of-liability-insurance adjudication. But the record contains no evidence about the underlying stop.
 
 [2]
 
 And "[w]e have on many occasions held that we must decide each case by the facts shown in the record, not assertions in the brief[.]"
 
 Mason v. State
 
 ,
 
 440 So.2d 318
 
 , 319 (Miss. 1983) (citations omitted). So, no matter how "sincere [Christmas] may be in [his] assertions," if facts asserted are not in the record, "we cannot know them."
 

 Id.
 

 ¶ 8. The only issue supported by the record-and the only issue addressed by the circuit court-is the timeliness of Christmas's appeal from county court. Consequently, this is the only issue before us.
 

 ¶ 9. Christmas's attempted appeal predated the adoption of the Mississippi Rules of Criminal Procedure. So former Uniform Rule of Circuit and County Court Practice
 12.03 controlled.
 
 [3]
 
 Under Rule 12.03, Christmas had thirty days from January 13, 2016-the date of the entry of his county-court adjudication-to file his written notice.
 
 See
 
 URCCC 12.03 ("Any person adjudicated guilty of a criminal offense by a county court, ... may appeal to the circuit court having jurisdiction by filing written notice with the clerk of the county court within 30 days of the entry of the judgment."). As the circuit court correctly noted, his February 9 motion to vacate did not toll the time to file an appeal, because it was not filed within ten days of the entry of the county-court judgment. M.R.A.P. 4(e) ; URCCC 10.05. Nor did
 
 mailing
 
 his notice and money order on February 12 perfect his appeal. While nothing prohibited Christmas from mailing his notice, Rule 12.03 is clear an appeal is perfected "by
 
 filing
 
 written notice."
 
 [4]
 
 URCCC 12.03 (emphasis added). Here, the record is clear Christmas's notice was not filed until February 17, 2016-five days too late. So the circuit court did not err in dismissing the appeal as untimely.
 

 ¶ 10. Nor, as Christmas suggests on appeal to this court, did the circuit judge abuse his discretion by not granting him an extension under Mississippi Rule of Appellate Procedure 4(g).
 
 See
 
 URCCC 12.03 ("Extensions may be granted as proscribed [sic] in Miss. Sup. Ct. R. 4(g)."). By not giving him a Rule 4(g) extension, Christmas insists the circuit court wrongfully held him liable for the clerk's office's "premature closing" on February 12, 2016.
 

 ¶ 11. Christmas, however, never moved for an extension. And while Rule 4(g) makes clear a trial court
 
 may
 
 grant an extension, it may do so only "upon motion filed not later than 30 days after the expiration of the time otherwise prescribed by this rule." M.R.A.P. 4(g). While this rule gave Christmas until March 12, 2016, to move for an extension based on the clerk's office's alleged premature closing, the record shows he never sought an extension. Instead, he relied on his mistaken belief that either his February 9 motion tolled the thirty-day time limit, which it did not, or mailing his notice on February 12 was sufficient, which it was not.
 

 ¶ 12. Only after he had received the show-cause notice did he assert for the first time on July 11, 2016, that, but for the clerk's office closing at 4:55 p.m., his notice would have been on time. And at that point, three months had passed, and the circuit court was without authority to grant an extension.
 
 See
 
 M.R.A.P. 4(g). So, despite Christmas's assertions, the circuit judge did not abuse his discretion by not granting a Rule 4(g) extension.
 

 ¶ 13. The dissent insists the circuit judge abused his discretion because he did not suspend the criminal appeals deadline and give Christmas an untimely appeal. In other words, the dissent believes the circuit judge was wrong for following and enforcing Mississippi's established thirty-day criminal appeals deadline. We disagree.
 

 ¶ 14. We do however acknowledge there is authority conferred by Rule 2(c) that permits the "Supreme Court or the Court of Appeals" to suspend the appeals deadline in criminal cases. M.R.A.P. 2(c). But Rule 2(c) does not mention circuit courts.
 

 Still, even if Rule 2(c) applies to a circuit court sitting as an appellate court
 
 [5]
 
 -as the circuit court was here-its application is purely discretionary. What Rule 2(c) says is that the appellate court "may" suspend the rules.
 
 See
 
 M.R.A.P. 2(c).
 
 [6]
 
 It does not say that the court "shall" or "must" suspend the rules. So discretion is obviously involved.
 

 ¶ 15. We recognize that, at first blush, the circuit court might be perceived as harshly enforcing a deadline. We also understand Christmas's argument and acknowledge the dissent's preference that the circuit judge grant an out-of-time appeal. But this Court is not supposed to substitute what
 
 we
 
 would have done, if we were in the circuit judge's position, faced with Christmas's show-cause response. After review, we simply cannot fault the circuit judge for abiding by the general thirty-day appellate deadline.
 

 ¶ 16. The dissent mentions that Christmas's explanation about why he mailed his notice was uncontradicted. But a similar pertinent truth is that his allegations were unsworn. Based on the paucity of record evidence, this Court lacks the "definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached"
 
 [7]
 
 necessary to find the circuit court abused its discretion under Rule 2(c).
 

 ¶ 17. Therefore, we affirm.
 

 ¶ 18.
 
 AFFIRMED.
 

 WALLER, C.J., RANDOLPH, P.J., COLEMAN, BEAM, CHAMBERLIN AND ISHEE, JJ., CONCUR. KITCHENS, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY KING, J.
 

 Specifically, Christmas alleged he went to the circuit clerk's office on February 12 to file his notice of appeal. The circuit clerk calculated Christmas's cost bond and directed Christmas to return with a money order in that amount. So Christmas left the clerk's office and went to the post office to get the money order. According to Christmas, he returned to the clerk's office at 4:55 p.m. He passed the employees of the office leaving. They told him the office was closed. And when Christmas tried the doors, he found them locked. He claimed it was 4:57 p.m. Christmas insisted that, but for the clerk's office closing five minutes early, he would have been able to file his notice of appeal that day. Instead, he printed off a mailing label from the U.S. Postal Service's website and dropped his notice and money order in the mail that evening.
 

 The appellate record is limited to the circuit-court filings and does not include the county-court record.
 

 Effective July 1, 2017, Mississippi Rule of Criminal Procedure 30 now governs misdemeanor appeals from county court.
 

 To argue mailing his notice perfected his appeal, Christmas cited Mississippi Rule of Appellate Procedure 25. But that rule is even more clear that, even though "[f]iling may be accomplished by mail addressed to the clerk or by electronic means in conformity with procedures established by the Court," such "filing shall not be timely unless the papers are
 
 received
 
 by the clerk within the time fixed for filing[.]" M.R.A.P. 25(a) (emphasis added).
 

 We have held the Mississippi Rules of Appellate Procedure apply in appeals from county to circuit court.
 
 Am. Inv'rs, Inc. v. King
 
 ,
 
 733 So.2d 830
 
 , 832 (Miss. 1999).
 

 See also
 

 McGruder v. State
 
 ,
 
 886 So.2d 1
 
 , 2 (Miss. 2003) (holding appellate courts
 
 may
 
 suspend rules " 'when justice demands' to allow an out-of-time appeal in criminal cases" (quoting
 
 Fair v. State
 
 ,
 
 571 So.2d 965
 
 , 966 (Miss. 1990) ) ).
 

 Ill. Cent. R.R. Co. v. McDaniel
 
 ,
 
 951 So.2d 523
 
 , 526 (Miss. 2006).