**IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI**

**NO. 2022-KM-00194-COA**

CHRISTIN KILCREASE                                                    APPELLANT

v.

CITY OF TUPELO, MISSISSIPPI                                           APPELLEE

DATE OF JUDGMENT:              02/04/2022
TRIAL JUDGE:                   HON. KELLY LEE MIMS
COURT FROM WHICH APPEALED:     LEE COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:        ALVIN CHASE
ATTORNEY FOR APPELLEE:         STEPHEN N. REED
NATURE OF THE CASE:            CRIMINAL - MISDEMEANOR
DISPOSITION:                   AFFIRMED - 09/05/2023
MOTION FOR REHEARING FILED:

     **EN BANC.**

     **EMFINGER, J., FOR THE COURT:**

¶1.    Christin Kilcrease was found guilty of "disorderly conduct–failure to comply" and was acquitted of the charge of "false reporting to 911" by order of the Tupelo Municipal Court on October 19, 2018. Her appeal to the County Court of Lee County, Mississippi, was dismissed due to her failure to timely file an appearance bond to perfect her appeal. Kilcrease then appealed to Lee County Circuit Court, which affirmed the county court's dismissal of the appeal for lack of jurisdiction. She now appeals from the circuit court's order.

**FACTS**

¶2.    On June 23, 2017, Tupelo Police Officer Brittney Williams was dispatched to Madison Street to respond to a "shots fired" call. The officer interviewed witnesses in the area. While some witnesses advised her that they heard what they believed were gunshots,

others stated they had not heard anything. Having found no evidence of an active disturbance, the officer left the scene. Less than thirty minutes later, another call was received stating that a shooter was inside a building on Madison Street. Officer Williams again responded to the call, along with other officers. Finding no active shooter on the scene, the officers attempted to clear the building. The charges against Kilcrease arose from her apparent failure to comply with the officers' directions while they were in the process of clearing the building. After a trial in municipal court, Kilcrease was convicted of "disorderly conduct–failure to comply."[1]

## PROCEDURAL HISTORY

¶3. To perfect an appeal of a conviction from municipal court to county court pursuant to Mississippi Rule of Criminal Procedure 29.1(a), the following is required:

> Any person adjudged guilty of a criminal offense by a justice or municipal court may appeal to county court or, if there is no county court, to circuit court, **by filing simultaneously a written notice of appeal, and both a cost bond and an appearance bond (or cash deposit**), as provided in Rules 29.3(a) and 29.4(a), with the clerk of the circuit court having jurisdiction within thirty (30) days of such judgment. **This written notice of appeal and posting of the cost bond and the appearance bond (or cash deposit) perfects the appeal.** After the filing of the written notice of appeal, cost bond, and appearance bond (or cash deposit), all further correspondence concerning the case shall be mailed directly to the circuit clerk for inclusion in the file.

(Emphasis added). On November 21, 2018, Kilcrease's attorney faxed a notice of appeal to the County Court of Lee County and posted $106 for costs. Kilcrease did not file her appearance bond with the clerk until November 26, 2018.

¶4. Pursuant to Mississippi Rule of Criminal Procedure 29.2, on November 21, 2018, the

---

[1] There is no transcript of the proceedings before the municipal court, which is not a court of record. *See* Miss. Code Ann. § 21-23-7 (Supp. 2022). This description of the facts comes from the certified records provided to the county court by the municipal court clerk.

2

circuit clerk notified the municipal court and the municipal prosecutor of the appeal.[2] The municipal clerk then provided the circuit clerk with a certified copy of the record and all original papers in the case from municipal court. The municipal court's order dated October 19, 2018, adjudicating Kilcrease guilty of disorderly conduct and failure to comply was part of the record. She was sentenced to serve forty-eight hours in the Lee County jail, but that portion of the sentence was suspended. The order further required that she pay a fine in the amount of $274 within thirty days from the entry of the order.

¶5.     Two and one-half years later, on May 20, 2021, the county court judge sua sponte entered an order dismissing the appeal. The dismissal was based on Kilcrease's failure to file the appearance bond with the clerk within thirty days of her conviction and sentence. The county court cited *Ray v. State*, 124 So. 3d 80, 83 (¶13) (Miss. Ct. App. 2013), where this Court held:

> [F]ailure to file an appearance bond was not a mere technicality but a failure to comply with a substantive requirement of the rule necessary to stay the judgment from the justice court and vest the county court with appellate jurisdiction. *See* URCCC 12.02; *Mitchell* [*v. Parker*], 804 So. 2d [1066,] 1070-71 (¶17) [(Miss. Ct. App. 2001)].

¶6.     On June 4, 2021, Kilcrease filed a "Motion for Reconsideration or, Alternatively, Motion for a New Trial." In her motion, Kilcrease alleged that she attempted to file the appearance bond on November 21, 2018. Attached to Kilcrease's motion was the affidavit of Stephanie Dixon, who stated that she delivered the $106 cost deposit to the clerk's office

---

[2] This notice was prematurely sent because, pursuant to the rule, it should not have been sent unless or until the appeal had been perfected by filing the notice of appeal, the cost deposit, *and* the appearance bond with the circuit clerk.

3

about 3:30 p.m. on November 21, 2018, and was told by a deputy clerk that she did not have enough time to obtain the appearance bond and bring it back to the clerk's office because the office was closing early due to the Thanksgiving holiday. Dixon stated she was directed to bring the bond in on the next business day. The appearance bond that was attached to the motion shows that it was signed on November 21, 2018, but was not filed until November 26, 2018.

¶7.     On June 9, 2021, the county court entered an order denying the motion for reconsideration or a new trial. The court's order points out that the "CRMS docket"[3] shows that the notice of appeal was filed at 4:14 p.m. on November 21, 2018. The county court judge took judicial notice that the clerk's office does not close early before an official holiday based upon his twenty years of practice in the county. The order further notes that the rule requires the notice of appeal, cost bond, and appearance bond to be filed simultaneously, which was not done in this case. The order also notes that the motion cited no authority for an extension of the deadline to file the appearance bond when the clerk's office is open for part of a day.

¶8.     On June 21, 2021, Kilcrease filed a notice of appeal of the dismissal to circuit court. In her initial brief before the circuit court, Kilcrease argued that her appeal from municipal court to county court was timely perfected due to the early closure of the circuit clerk's office. Kilcrease also argued that the dismissal should be reversed because the county court judge "evinced bias in his review by applying and substituting his opinion as fact, wherein

---

[3] CRMS is an initialism for County Records Management System.

4

no factual evidence supported his opinion." Kilcrease specifically attacked the judge's use of judicial notice and his own experience to conclude that the clerk's office did not close early as Dixon swore in her filed affidavit. Kilcrease sought recusal of the judge upon remand.

¶9.     In her reply brief in circuit court, Kilcrease argued for the first time that the municipal judge did not pronounce the conviction and sentence in open court in her presence. She maintained that her first knowledge of the entry of the order was when she received a copy of the order by facsimile on October 22, 2018. She cited Mississippi Rule of Criminal Procedure 26.5, which requires that the judgment be pronounced in open court at any time after conviction in the presence of the defendant unless waived. Kilcrease states in her reply brief that she did not waive her right to be present. She further maintained that the order did not have a "filed" stamp date and that the order was void because "[t]he order, the subject of this appeal, was not entered into any minutes by the municipal court clerk nor was it the subject of an open pronouncement in open court."[4]

¶10.    On February 4, 2022, the circuit court entered its order affirming the county court's dismissal of the appeal. In its order, the circuit court found that the appearance bond had not been filed within the required thirty days. The order cited *Williams v. State*, 155 So. 3d 892, 895 (¶16) (Miss. Ct. App. 2014), where this Court held:

> The Mississippi Supreme Court adopted Rule 12.02 [of the Uniform Rules of

---

[4] The certification of the records by the municipal court clerk reads in part: "I, the undersigned officer of the aforesaid municipal court, hereby certify that the foregoing is a true and correct copy of the record of the case stated therein, **as appears on the Docket and Minutes of said municipal court**." (Emphasis added).

Circuit and County Court Practice], which does not provide for an exception to the thirty-day perfected-appeal deadline. Further, the Mississippi Supreme Court has not interpreted Rule 12.02 to contain a "suspension for good cause" component. Cases applying Rule 12.02 have consistently upheld the dismissal of untimely appeals.

The circuit court noted that the clear language of Mississippi Rule of Criminal Procedure 29.1, which supplanted former Rule 12.02, likewise required the dismissal of the appeal. After affirming the county court's dismissal of the appeal, the circuit court noted that whether the municipal order was void, as Kilcrease contended, was not properly before the court because of an inadequate record.

## ANALYSIS

¶11.    We apply a de novo standard of review to jurisdictional questions.[5] Upon review, we find that the circuit court did not err by affirming the county court's dismissal of the appeal for lack of jurisdiction. The fact that the rules contain no provision to extend the deadline to perfect an appeal, as stated in *Williams*, has been reaffirmed by this Court after the effective date of Rule 29.1 in *Brown v. State*, 314 So. 3d 1173, 1174-75 (¶6) (Miss. Ct. App. 2021), where this Court stated:

> [Brown] then filed his motion for an out-of-time appeal in the circuit court, which justly denied his motion, finding no provision in Rule 29.1 or at law for extending the time period for appealing a conviction from justice court to circuit court. This Court in *Reeves* established that there is no "excusable neglect" provision or condition for an extension under Rule 29.1. *Reeves* [*v. City of Crystal Springs*], 54 So. 3d [322], 326 (¶14) [(Miss. Ct. App. 2011)].

Because the appearance bond was not filed within thirty days of Kilcrease's conviction and sentence, the county court was without jurisdiction to hear Kilcrease's appeal and properly

---

[5] *Gibson v. Bell*, 312 So. 3d 318, 321 (¶10) (Miss. 2020).

6

dismissed the appeal.[6]

¶12.    As to Kilcrease's argument that the municipal order is void, this matter was not properly before the circuit court for two reasons. First, an appellate court should not consider an issue first raised in a reply brief. *Carson v. State*, 341 So. 3d 995, 1003 n.8 (Miss. Ct. App. 2022) (declining to address argument raised for the first time in a reply brief); *see, e.g., Ray v. State*, 238 So. 3d 1118, 1122 n.3 (Miss. 2018) ("[T]his Court does not consider issues raised for the first time in an appellant's reply brief.").

¶13.    Next and more importantly, the facts Kilcrease alleged in her briefs concerning the validity of the municipal order do not appear in the records from municipal court or county court. The dates of the trial in municipal court and how the judgment was pronounced simply are not part of the record on appeal. In *Christmas v. State*, 241 So. 3d 616, 618 (¶7) (Miss. 2018), the court held:

> And "[w]e have on many occasions held that we must decide each case by the facts shown in the record, not assertions in the brief[.]" *Mason v. State*, 440 So. 2d 318, 319 (Miss. 1983) (citations omitted). So, no matter how "sincere [Christmas] may be in [his] assertions," if facts asserted are not in the record, "we cannot know them." *Id*.

However, the dissent accepts as true factual statements Kilcrease made in her brief that do

---

[6] The county court's use of judicial notice was not considered in our de novo review of the jurisdiction issue. However, we do note that there was no evidence presented that the clerk's office did in fact close early on November 21, 2018. While Dixon stated that she was told the office "was going to close early," there is no evidence that Dixon obtained the appearance bond and returned before 5 p.m. to find the office closed. While, according to her affidavit, the record shows that Dixon filed the cost bond of $106 at about 3:30 p.m., the record also shows that the circuit clerk's office was still open at 4:14 p.m. when the Notice of Appeal was entered into the system after payment of the fee. In any event, neither Kilcrease nor the dissent cites any authority to extend the filing deadline, even if there was proof in the record that the clerk's office closed before 5 p.m. on that day.

7

not appear in the municipal or county court record. Based upon such assertions, the dissent would find the municipal court's order was void. Based on *Christmas*, we find such reliance misplaced. Instead, there is a presumption that the trial court's entry of the conviction and sentence was done according to law. In *Brumfield v. State*, 341 So. 3d 1048, 1050 (¶9) (Miss. Ct. App. 2022), we held:

> "The burden rests upon the appellant to see to it that the record contains all data essential to an understanding and presentation of matters relied upon for reversal on appeal." *Brown v. State*, 54 So. 3d 882, 884 (¶10) (Miss. Ct. App. 2011) (quoting *Shelton v. Kindred*, 279 So. 2d 642, 644 (Miss. 1973)). "Our law presumes that the judgment of the trial court is correct, and the appellant has the burden of demonstrating some reversible error to this Court." *Sago v. State*, 978 So. 2d 1285, 1287 (¶3) (Miss. Ct. App. 2008).

We find that the circuit court did not err by finding that the question Kilcrease raised as to the validity of the municipal court's order was not properly before the circuit court.

## CONCLUSION

¶14. We affirm the order of the circuit court affirming the county court's dismissal of the appeal from the municipal court for lack of jurisdiction.

¶15. **AFFIRMED.**

**BARNES, C.J., WILSON, P.J., LAWRENCE AND SMITH, JJ., CONCUR. McDONALD, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY CARLTON, P.J., GREENLEE, WESTBROOKS AND McCARTY, JJ.**

**McDONALD, J., DISSENTING:**

¶16. I dissent from the conclusion that Kilcrease is procedurally barred from challenging the validity of her municipal court conviction and that the appeal of that conviction was untimely. The municipal court's failure to pronounce her guilt in her presence in open court

8

raises a serious violation of her statutory and constitutional rights that overrides the procedural bar. Further, in my opinion, Kilcrease timely appealed her conviction from municipal court to county court because all required documents were filed by the thirty-day deadline, which was extended because the clerk's office closed early on the previous business day.

¶17. The summary of the facts set out in the lead opinion warrants expansion. The active-shooter alert occurred at a medical clinic. Dr. Kilcrease, a board-certified pharmacy specialist in HIV and primary care, worked at this clinic. Kilcrease received a call from a nurse in another part of the facility who heard gunshots and told Kilcrease to seek shelter. Kilcrease went to her office, turned off the lights, and called her supervisor, who instructed Kilcrease to hide underneath her desk. Kilcrease did so, but she also called her mother, Marilove Kilcrease, who lived in Nashville. Marilove in turn contacted Palacia,[7] a family friend and nurse who lived in Memphis. Palacia contacted the Tupelo Police Department. At no time did Kilcrease herself speak directly with anyone at the police department. The dispatcher told Palacia to tell Kilcrease to remain hidden until the police retrieved her. Kilcrease was told that the police would knock on her door five times to indicate their arrival. Palacia relayed this information to Marilove, who relayed it to Kilcrease.

¶18. Tupelo police officers responded to the call and cleared the building. They were informed that an employee, Kilcrease, was hiding in a locked office inside the clinic. Law enforcement approached the office and knocked on the office door as pre-arranged.

---

[7] Palacia's last name does not appear in the record.

Kilcrease contends that she began clearing the furniture that she had placed in front of the door when the police busted in and told her to put her hands up, which she did, but the police still arrested her.

¶19. In contrast, law enforcement said that when they knocked on the door, they received no response, and a security officer had to unlock the door for them. They entered the dark office and found Kilcrease. They ordered her to raise her hands, but Kilcrease refused to come out and failed to comply with their orders. Officers then took Kilcrease into custody and charged her with failing to comply with the commands of a law enforcement officer in violation of Mississippi Code Annotated section 97-35-7 (Rev. 2014) and with false reporting to 911 in violation of Mississippi Code Annotated section 19-5-317 (Rev. 1997).

¶20. It is unclear when the trial was held before the Tupelo Municipal Court because such courts are not courts of record. Kilcrease states in her brief that at the trial, after the City presented its proof, Kilcrease moved for a directed verdict on both charges, and the municipal court judge dismissed the false reporting charge. Kilcrease claims that on a subsequent date, the court reconvened, and Kilcrease presented her defense to the failure-to-comply charge. Kilcrease states that the court took the matter under advisement, and at a later date, the court issued its judgment. In the order signed on October 19, 2019, and filed with the municipal court clerk on October 22, 2019, the court found Kilcrease guilty of the charge of failure to comply with officers' commands and sentenced her to forty-eight hours in the Lee County jail, which the court suspended, and fined Kilcrease $274. Kilcrease says that this pronouncement was not made in open court, nor was it made in her presence. The

10

City does not deny this fact, and the City agrees that because of the "limited records retained by the Municipal Court," specific dates of the trial proceedings are unreported.

¶21. The record does reflect that Kilcrease's attorney, whose office was located in Flowood, Mississippi, obtained the conviction order only by an email from the clerk on October 22, 2019. This supports Kilcrease's claim that neither she nor her attorney were present in open court in Tupelo when the municipal court convicted Kilcrease.

¶22. Kilcrease paid the fine, and on November 21, 2018, the day before Thanksgiving and actually the thirtieth day to appeal, Kilcrease's attorney faxed the notice of appeal of the municipal court conviction to the clerk of the county court. In her cover letter, the attorney indicated that a courier would come to the clerk's office in person to pay the filing fee. The courier, Stephanie Dixon, did in fact do so and paid the $106 cost bond at approximately 3:30 p.m. Dixon informed the clerk that she would return from the bonding company's office shortly with the appearance bond. The county court clerk noted that this office was only ten minutes from the courthouse. But the clerk told Dixon that she did not have enough time to do that because the office was closing early, and she should bring the appearance bond on the next business day. The appearance bond in the record was signed by both the bonding company and Kilcrease on November 21, 2018. However, because the clerk's office was closed, the appearance bond was not filed until the next business day, which was Monday, November 26, 2018.

¶23. For the next eighteen months, the parties proceeded to prepare for the trial de novo that would be held in county court. Kilcrease issued subpoenas, and on May 22, 2020,

11

Kilcrease filed a motion to dismiss the charges. The State replied on June 4, 2020, and Kilcrease filed a rebuttal on June 12, 2020.

¶24. Instead of considering Kilcrease's motion to dismiss the charges, on May 20, 2021, with no notice to Kilcrease, the county court *sua sponte* dismissed Kilcrease's appeal for lack of jurisdiction. The Court held that Kilcrease had failed to perfect her appeal because she did not file all three required documents—the notice of appeal, cost bond, and appearance bond—within thirty days of her conviction.

¶25. Kilcrease filed a motion for reconsideration or, in the alternative, a motion for a new trial on June 4, 2021, arguing that the early closing of the clerk's office prevented her from timely filing all the paperwork needed to perfect her appeal. The county court denied Kilcrease's motion on June 9, 2021, and denied her motion to reconsider on June 18, 2021. Kilcrease appealed the rulings to the circuit court.

¶26. In her appellate brief to the circuit court, Kilcrease initially raised two issues: first, that the appeal to the county court was timely filed; and second, that a reversal of the dismissal of the appeal was necessary "based on prejudicial acts of the county court judge."[8] After the City replied, in her rebuttal brief, Kilcrease also argued that because her conviction was not pronounced in open court in her presence, the municipal court's judgment was void.

¶27. On February 4, 2022, the circuit court affirmed the county court's dismissal of Kilcrease's appeal for lack of jurisdiction on the timeliness issue. On March 3, 2022,

---

[8] Kilcrease argued that the county court judge inappropriately took "judicial notice" of his own personal experience as an attorney. Kilcrease contended that the county court judge could not personally become a witness and attest to whether the clerk's office was open or closed on the day her appeal was due.

Kilcrease appealed from the circuit court's order, and the appeal was assigned to this Court.

I.     *Procedural Bar*

¶28.    As the lead opinion notes, "[i]t is generally true that an appellate court will not entertain issues that have not been presented first to the trial court. . . . However, . . . jurisdictional issues may be raised for the first time on appeal." *In re Guardianship of Est. of Lewis*, 45 So. 3d 313, 316-17 (¶10) (Miss. Ct. App. 2010). In addition, "a violation of a constitutional right 'may reach such serious dimension' that it will be addressed when raised for the first time on appeal." *McCain v. State*, 971 So. 2d 608, 612 (¶7) (Miss. Ct. App. 2007) (citing *Whigham v. State*, 611 So. 2d 988, 995 (Miss. 1992), *abrogated on other grounds by Wright v. State*, 958 So. 2d 158, 162 (¶8) (Miss. 2007)). Our supreme court has held that errors affecting a clear denial of due process can be reviewed upon a finding of plain error. In *Manuel v. State*, 357 So. 3d 633 (Miss. 2023), the supreme court stated, "Under the plain error doctrine, this Court can recognize obvious error which was not properly raised by the defendant and which affects a defendant's fundamental, substantive right." *Id*. at 637 (¶12) (internal quotation marks omitted) (citing *Shinstock v. State*, 220 So. 3d 967, 970 (Miss. 2017)). The supreme court further stated:

> To "determine if plain error has occurred, we must determine if the trial court has deviated from a legal rule, whether that error is plain, clear, or obvious, and whether the error has prejudiced the outcome of the trial." *Green v. State*, 183 So. 3d 28, 31 (Miss. 2016) (quoting *Neal v. State*, 15 So. 3d 388, 403 (Miss. 2009)). Additionally, "for the plain-error doctrine to apply, there must have been an error that resulted in a manifest miscarriage of justice or seriously affects the fairness, integrity or public reputation of judicial proceedings." *Hall v. State*, 201 So. 3d 424, 428 (Miss. 2016) (quoting *Brown v. State*, 995 So. 2d 698, 703 (Miss. 2008)).

13

*Id*. at 636 (¶10) (brackets and internal quotation marks omitted).

¶29. Under these precedents, it is my opinion that we can review Kilcrease's challenge to the validity of the municipal court's judgment because she raises a jurisdictional question and a serious violation of her due process rights.

II.     *Jurisdiction of the County Court to Consider the Municipal Court's Judgment*

¶30. Kilcrease argues that the county court had no jurisdiction over the appeal because the municipal court's judgment convicting and sentencing her, which was not pronounced in open court or in her presence, was void. I agree.

¶31. Rule 10.1 of the Mississippi Rules of Criminal Procedure provides defendants the right to be present at every stage of his or her proceedings, stating:

(a) Right to Be Present. The defendant has the right to be present at the arraignment and at every stage of the proceedings. A corporate criminal defendant may appear by counsel for all purposes at any proceeding.

(b) Waiver of the Right to Be Present.

(1) Except as provided in subsection (2), a defendant may waive the right to be present at any proceeding in the following manner:
(A) with the consent of the court, by a knowing, intelligent, and explicit waiver in open court or by a written waiver executed by the defendant and by the defendant's attorney of record, filed in the case; or
(B) by the defendant's absence from any proceeding, if the court finds that such absence was voluntary and constitutes a knowing and intelligent waiver of the right to be present. . . .

MRCrP 10.1(a)-(b)(1). The comment to Rule 10.1 notes that the defendant's right to be present stems from Article 3, section 26 of the Mississippi Constitution, which states: "In all criminal prosecutions the accused shall have a right to be heard by himself or counsel or

14

both [and] to be confronted by the witnesses against him."

¶32.    Rule 26.5 sets out how pronouncements of criminal judgments and sentences are to be made:

> (a) Pronouncement of Judgment. The judgment shall be pronounced in open court at any time after conviction, in the presence of the defendant (unless waived pursuant to Rule 10.1(b)), and recorded in the minutes of the court.  If the defendant is found not guilty or for any other reason is entitled to be discharged, judgment shall be entered accordingly.
>
> (b) Pronouncement of Sentence. In pronouncing sentence, the court shall:
>
>> (1) afford the defendant an opportunity, personally and/or through the defendant's attorney, to make a statement on the defendant's behalf before imposing sentence;
>> (2) state that a credit will be allowed on the sentence, as provided by law, for time during which the defendant has been incarcerated on the present offense; and
>> (3) explain to the defendant the terms of the sentence.

MRCrP 26.5.

¶33.    Finally, Rule 1.1 makes these and all the rules of criminal procedure applicable to "all criminal proceedings, from arrest through post-trial motions, in all trial courts within the State of Mississippi . . . ," including criminal proceedings in municipal court.  *See* MRCrP 1.1 cmt. ("The Mississippi Rules of Criminal Procedure are designed to provide comprehensive and uniform practice and procedure for criminal proceedings in all Mississippi trial courts, including justice courts, *municipal courts*, county courts, and circuit courts, except as otherwise provided. They replace practice under formerly applicable provisions of the Uniform Rules of Circuit and County Court and the Uniform Rules of Procedure for Justice.") (Emphasis added).

15

¶34. Under these rules, Kilcrease had the right to be present in municipal court when she was convicted and the right to address the court before the sentence was imposed. When the municipal court convicted her in absentia, the court deviated from the legal rules of procedure, which constitutes plain error.

¶35. In addition, the defendant's right to be present at sentencing is a constitutional right that stems from the Confrontation Clause. In *United States v. Gagnon*, 470 U.S. 522, 526 (1985), the United States Supreme Court stated:

> The constitutional right to presence is rooted to a large extent in the Confrontation Clause of the Sixth Amendment, e.g., *Illinois v. Allen*, 397 U.S. 337, 90 S. Ct. 1057, 25 L. Ed. 2d 353 (1970), but we have recognized that this right is protected by the Due Process Clause in some situations where the defendant is not actually confronting witnesses or evidence against him.

¶36. The right to be present at sentencing has long been afforded to criminal defendants in federal courts under Federal Rule of Criminal Procedure 43(a).[9] *United States v. Martinez*, 250 F.3d 941, 942 (5th Cir. 2001) (holding that a defendant has a constitutional right to be present at sentencing). In *United States v. Diggles*, 957 F.3d 551, 557 (5th Cir. 2020), the Fifth Circuit Court of Appeals stated, "Unlike the right to be present at trial[,] . . . the right to be present at proceedings that lack testimony (usually true of sentencings) comes from the

---

[9]      (a) **When Required**. Unless this rule, Rule 5, or Rule 10 provides otherwise, the defendant must be present at:
            (1) the initial appearance, the initial arraignment, and the plea;
            (2) every trial stage, including jury impanelment and the return of the verdict; and
            (3) sentencing.

Fed. R. Crim. P. 43(a).

Fifth Amendment's Due Process Clause." *Id.* "The sentencing hearing is a critical stage of a criminal case[,] . . . so we have recognized a constitutional right to be present at sentencing." *Id.* at 558; *see also United States v. Huff*, 512 F.2d 66, 71 (5th Cir. 1975) ("The sentencing is, of course, a critical stage of the proceedings against the accused, at which he is constitutionally entitled to be present and represented by counsel.").

¶37. Although the issue of the application of the Mississippi Rules of Criminal Procedure and the need for the pronouncement of a conviction in open court has not been addressed by our courts, an Alabama appellate court has applied similar criminal rules in a case like Kilcrease's. In *Hill v. State*, 733 So. 2d 937, 938 (Ala. Crim. App. 1998), Hill contended on appeal that the trial court, which pronounced his sentence for felony convictions in open court, had erred by not pronouncing his sentence for a misdemeanor conviction in open court as well. The misdemeanor sentence was not discussed in the transcript of Hill's sentencing hearing, but it was included in the court's written order. *Id.* at 939. The appellate court agreed that the trial court violated Hill's constitutional right to be present at the pronouncement of his sentence. *Id.* The court cited Rule 26.9 of the Alabama Rules of Criminal Procedure,[10] which read almost exactly the same as Rule 26.5(b) of the Mississippi

---

[10] Alabama Rule of Criminal Procedure 26.9(b) states:

(b) Pronouncement of Sentence. In pronouncing sentence, the court shall: (1) Afford the defendant an opportunity to make a statement in his or her own behalf before imposing sentence; (2) State that a credit will be allowed on the sentence, as provided by law, for time during which the defendant has been incarcerated on the present charge. On timely application of a defendant and upon a finding of indigency by the court, the court shall make an order appointing an attorney and shall provide a free transcript; (3) Explain to the defendant the terms of the sentence."

17

Rules of Criminal Procedure.[11]  The *Hill* court found that Hill had not waived his right to be present at the pronouncement and remanded.  *Id*. at 939.

¶38.   In the case before us, it is my opinion that the municipal court's judgment of conviction and sentencing is void because it was rendered in violation of Kilcrease's procedural and constitutional right to be present.  "A judgment[] is void if 'the court that rendered it lacked jurisdiction of the subject matter of the parties, *or if it acted in a manner inconsistent with due process of law*.'"  *Harvey v. Stone Cnty. Sch. Dist.*, 982 So. 2d 463, 468 (¶11) (Miss. Ct. App. 2008) (emphasis added) (citing *Soriano v. Gillespie*, 857 So. 2d 64, 69 (¶21) (Miss. Ct. App. 2003)).  "In considering whether a judgment should be set aside because it is a nullity, there is no discretion in the trial court.  If a judgment is void it must be vacated."  *Id*. (citing *Bryant Inc. v. Walters*, 493 So. 2d 933, 937 (Miss. 1986).  Accordingly, I would hold that because the municipal court's judgment is void, the county court lacked jurisdiction to consider the appeal.  Without jurisdiction, "a court is without authority to consider the merits of an action."  *Jackson v. Bell*, 123 So. 3d 436, 439 (¶7) (Miss. 2013).

¶39.   The lead opinion does not discuss Kilcrease's constitutional claims because it believes

---

[11] Mississippi Rule of Criminal Procedure 26.5(b) states:

Pronouncement of Sentence. In pronouncing sentence, the court shall:
(1) afford the defendant an opportunity, personally and/or through the defendant's attorney, to make a statement on the defendant's behalf before imposing sentence;
(2) state that a credit will be allowed on the sentence, as provided by law, for time during which the defendant has been incarcerated on the present offense; and
(3) explain to the defendant the terms of the sentence.

the record does not contain the facts necessary to support Kilcrease's contention that she was not present when she was found guilty and sentenced. The lead opinion includes a quote from *Christmas v. State*, 241 So. 3d 616, 618 (¶7) (Miss. 2018), in which our supreme court stated that we must decide a case by the facts shown on the record, not those simply asserted in a brief. But in that case, Christmas was tried de novo in county court and appealed his misdemeanor conviction for lack of car insurance to circuit court. *Id*. at 617 (¶2). On appeal, he challenged the underlying traffic stop as one issue, but he failed to include the county court record in his appeal. *Id*. at 618 (¶7) & n.2. When Christmas raised the issue of the underlying traffic stop in his appeal to the supreme court, the court declined to address it. *Id*. at (¶¶7-8). The county court is a court of record, which would have contained testimony concerning the traffic stop at issue, but by not including that in the record, the facts Christmas cited in his brief were merely his assertions of what occurred. *Id*. The supreme court explained that no matter how sincere Christmas was, the facts were not supported by the record Christmas had designated. *See id*. at (¶7). Kilcrease's case differs from Christmas's because here there was no record and no transcript of the municipal court proceedings that Kilcrease could have designated. In other words, how can a party designate a record that does not exist?

¶40. What we do have relevant to the issue of whether Kilcrease was present when adjudicated is the municipal court's judgment. *However, it does not reflect the date of the trial or that Kilcrease was present in court at the time that the judgment of conviction and sentence was rendered.* The City presented nothing signed by Kilcrease to show that she

19

waived her right to be present as is required by Mississippi Rule of Criminal Procedure 10.1(b). Because municipal courts are not courts of record, it is impossible for Kilcrease to present record evidence to support her contentions. I find it significant that the City never denies Kilcrease's recitation of the facts and instead travels on mere technicalities. In addition, had Kilcrease been present in court on the day she was convicted, she and her attorney would have obtained a copy of the judgment that day, and there would have been no need for the clerk's office to email it to the attorney's office in Flowood on October 22, 2018. Therefore, in my opinion, the record and the inferences we can reasonably draw from it contain enough support for Kilcrease's account of the municipal proceedings for us to consider her very serious claims of the denial of due process.

### III. Timeliness of Kilcrease's Appeal

¶41. Even though I would hold that the municipal court's judgment is void and the case should be remanded, in the alternative, I would hold that Kilcrease's appeal to county court was timely filed.

¶42. Rule 29.1(a) of the Mississippi Rules of Criminal Procedure identifies the materials that need to be filed to perfect the appeal of a criminal matter and the deadline for filing them:

> Any person adjudged guilty of a criminal offense by a justice or municipal court may appeal to county court or, if there is no county court, to circuit court, by filing simultaneously a written notice of appeal, and both a cost bond and an appearance bond (or cash deposit), as provided in Rules 29.3(a) and 29.4(a), with the clerk of the circuit court having jurisdiction within thirty (30) days of such judgment. This written notice of appeal and posting of the cost bond and the appearance bond (or cash deposit) perfects the appeal.

The lead opinion reasons that because Kilcrease failed to file all three of the documents required (notice of appeal, cost bond, *and* appearance bond) by Wednesday, November 21, 2018, the thirtieth day of her window to appeal, the county court had no jurisdiction to hear the appeal and properly dismissed the appeal. I disagree because the clerk's office closed early on that day, which was the day before Thanksgiving, and under the Rules, the next business day, the Monday after Thanksgiving, was the thirtieth day for Kilcrease to appeal.

¶43. Rule 1.3 of the Mississippi Rules of Criminal Procedure specifically states that in calculating the deadlines for filing, "the last day of the period . . . shall be included, *unless it is a Saturday, a Sunday, or a legal holiday, as defined by statute, or any other day when the court clerk's office is in fact closed, whether with or without legal authority.*" (Emphasis added). In such an event, the next day when the clerk's office is not closed is computed as the last day of the deadline.

¶44. In this case, the record establishes that both the notice of appeal and cost bond were stamped filed on November 21, 2018, and the clerk's records indicated these were filed at 4:12 p.m. In her affidavit, Kilcrease's courier, Dixon, who filed the cost bond, told the clerk that she would return with the appearance bond. According to Dixon, in response the clerk told her that the office was closing early before Dixon could return. The City submitted no evidence to dispute Dixon's affidavit, and there is no proof in the record that the clerk's office did not close early. If indeed the clerk's office did not close early that day, Dixon had ample time to pick up the appearance bond at the bonding office, which was a mere ten minutes from the courthouse, and file it by five o'clock. The appearance bond was signed

21

and dated November 21, 2018 and, thus, was ready to be filed. Given the facts in the record, under Mississippi Rule of Criminal Procedure 1.3, because the clerk's office closed early, the last day for Kilcrease to perfect her appeal was Monday, November 26, 2018.

¶45. In *Parkman v. Mississippi State Highway Commission*, 250 So. 2d 637, 639 (Miss. 1971), the Mississippi Supreme Court commented on the need to be reasonable when rules are applied computing deadlines for appeal. In that case, the supreme court held that if the tenth day for filing a notice of appeal fell on a Saturday, the appeal was timely filed on the following Monday because the clerk's office was closed on Saturday. *Id*. The supreme court stated:

> [W]e do not think that the legislature intended (or would have intended if it had thought about it) to require that on the tenth day an appellant should be required to file and obtain approval of his bond by the clerk, when the clerk's office is closed and not open for business. The contrary view is impractical and unreasonable, and this Court will not assume that the legislature intended an impractical and unreasonable result.

*Id*. The rule for computing a deadline for appealing criminal matters, Mississippi Rule of Criminal Procedure 1.3, is similarly practical and reasonable in anticipating that the clerk's office may in fact at times be closed "*with or without legal authority.*" (Emphasis added). I believe this was one of those times, and with no evidence disputing Dixon's affidavit, I would hold that Kilcrease was prevented from filing the appearance bond due to the early closing of the clerk's office, making the next business day the thirtieth day for perfecting her appeal.

¶46. In summary, I dissent because Kilcrease is not procedurally barred from raising the denial of her statutory and constitutional right to be present at her conviction and sentencing.

22

Because she was denied those rights by the municipal court, the municipal court's judgment is void, and the case should be remanded to the municipal court for proper sentencing. In the alternative, the thirtieth day of her deadline to appeal fell on the Monday after Thanksgiving because the clerk's office closed early on the Wednesday before. Kilcrease therefore timely filed all three documents needed to appeal her criminal conviction.

**CARLTON, P.J., GREENLEE, WESTBROOKS AND McCARTY, JJ., JOIN THIS OPINION.**